CHRISTOPHER et al. v. NORVELL.

(Circuit Court of Appeals, Fifth Circuit. January 24, 1905.)

No. 1,414.

NATIONAL BANKS—MARRIED WOMAN AS STOCKHOLDER—LIABILITY FOR ASSESSMENTS.

A married woman, who was a stockholder in a national bank at the time it became insolvent, is subject to the statutory liability for an assessment made thereon, at least in the absence of any state statute disabling her from owning the stock in her own right.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Banks and Banking, § 921.

Who are liable as shareholders in national banks, see notes to Beal v. Essex Sav. Bank, 15 C. C. A. 130; Earle v. Carson, 46 C. C. A. 503.]

In Error to the Circuit Court of the United States for the Southern District of Florida.

H. H. Buckman, for plaintiffs in error.
Duncan U. Fletcher, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The plaintiff in error, Henrietta S. Christopher, wife of John G. Christopher, was a stockholder in the First National Bank of Florida, and as such stockholder was liable under the statutes of the United States for the assessment made by the Comptroller of the Currency on the stockholders of said bank. See sections 5151–5234, Rev. St. U. S. [pages 3465–3507, U. S. Comp. St. 1901]. Even if a defense on such line would avail the plaintiff in error, we find nothing in the laws of Florida disabling married women from owning in their own right stock in national banking associations and incurring the liabilities resulting therefrom. On the whole case we conclude there was no error in the judgment of the Circuit Court. See Keyser v. Hitz, 133 U. S. 139, 10 Sup. Ct. 290, 33 L. Ed. 531. And we say, as said by the Supreme Court in that case:

"But the question as to what property may be reached in the enforcement of such judgment is not before us, and we express no opinion on it."

The judgment of the Circuit Court is affirmed.