Fred Lerch, George Lerch, George N. Holland and the Orlando Bank & Trust Company, *Appellants,* v. Claudius H. Barnes, *Appellee.*

Under the constitution and laws of Florida a married woman who has been made a free dealer may convey her separate real estate by her sole deed, the husband in such a case not being required by law to join in the conveyance.

This case was decided by Division B.

Appealed from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*Beggs & Palmer,* for Appellants;

*Baker & Baker,* for Appellees.

Hocker, J.—The appellee filed a bill in the Circuit Court of DeSoto County against the appellants to compel specific performance of a contract for the purchase of certain lands. It is alleged that in the chain of title of appellee there is a deed executed by a married woman in which the husband of the married woman did not join. It is alleged that the husband was *non compos mentis* and that the married woman had been made a free dealer under the statutes providing for such a status (see sections 1955 to 1959 inclusive General Statutes of 1906). There was a demurrer to the bill on the ground that under the laws of Florida a married woman though adjudged to be a free dealer under the statutes was not authorized to convey her separate statutory property by deed executed by herself alone—the husband not joining in the deed. This demurrer was overruled, and defendants declining to plead further, decrees pro confesso were entered against them, and a final decree also entered in favor of appellee. On appeal here the sole question is the one presented by this demurrer.

If this court shall be of opinion that the married woman's deed is sufficient to convey her title, then appellants are content to take the property and pay the agreed price therefor.

Article XI of the Constitution of 1885 relates to married women's property. By the first section it is provided

that "all property, real and personal, of a wife owned by
her before marriage, or lawfully acquired afterwards by
gift, devise, bequest, descent or purchase shall be her
separate property, and the same shall not be liable for the
debts of her husband without her consent given by some
instrument in writing, executed according to the law
respecting conveyances by married women." This section
radically changes her common law relation to her prop-
erty.

The second section provides that her "separate real or
personal property may be charged in equity and sold, or
the uses, rents and profits thereof sequestrated for the
purchase money thereof, or for money or thing due upon
any agreement made by her in writing for the benefit of
her separate property, or for the price of any property
purchased by her, or for labor and material used with her
knowledge or assent in the construction of buildings or
repairs or improvements upon her property, or for agri-
cultural or other labor bestowed thereon, with her knowl-
edge and consent."

The third section provides that the legislature shall
enact such laws as shall be necessary to carry into effect
this article. These are the only provisions of the consti-
tution relating to the subject.

It will be observed that the first section contains no
limitations upon the power which might be conferred on
her by the legislature of disposing of her separate prop-
erty, except that it is exempted from liability for the
debts of her husband, without her consent given in some
instrument in writing, executed according to the respec-
tive conveyances by married women. The second section
gives to the court of equity exclusive jurisdiction of cer-
tain kinds of obligations which she may make when there
is an attempt to enforce their payment from her separate

property. Jurisdiction of these, therefore, cannot be conferred by the legislature on a court of law. Micou v. McDonald, 55 Fla. 776, text 780, 46 South. Rep. 291. Otherwise than as thus indicated the constitution contains no limitations upon the legislative power in the making of laws dealing with the contractual rights which it may confer upon married women, and with their control and disposition of separate property. These matters are left by the constitution to legislative action and control. A married woman is authorized to dispose of her property by will (section 2270 Gen. Stats. of 1906), to make sales and conveyances of her property, her husband joining her (secs. 2590 and 2460 Id.), to bring suits on actions for or concerning her real estate without joining her husband or next friend (sec. 2592 Id.), and she is allowed her own earnings (sec. 2593 Id.). These, and perhaps others, are all radical statutory departures from the common law, removing her common law disabilities to the extent that they go, and permitting voluntary action and liability on her part as to her separate property. It has never been held that these statutes are unconstitutional. The sections of the law before referred to giving to the Circuit Courts sitting in chancery the power to decree a married woman to be a free dealer were held not to be in violation of the Constitution of 1868 in the case of Martinez v. Ward, 19 Fla. 175. The provision in the Constitution of 1868, Section 26, Article IV relating to the property of married women is nearly similar to the first section of the XI Article of the Constitution of 1885. The second section of the last article is not found in the Constitution of 1868, nor anything like it; but this section contains no restrictions upon the authority of the legislature to confer voluntary contractual powers upon married women. It simply provides that courts of

equity shall have power to enforce certain kinds of obligations against their separate property. We can discover no constitutional objection to these sections of our law under the authority of which a married woman may become a free dealer.

The only other question is, does a decree by the Chancellor in accordance with the statutes making a married woman a free dealer confer on her the power of conveying her separate real estate by her sole deed—the husband not joining in the conveyance? The statute provides that she may petition to be made a free dealer *in every respect*—to take charge of and manage her own estate and property, and that in compliance with the statutory requirements the judge, if satisfied as to the capacity and qualifications of such married woman to take charge of and manage her own estate and property and to become a free dealer in every respect, may grant her a license in accordance with the prayer of the petition, and that after a copy of the decree or order has been published for four weeks, she shall be authorized to take charge of and control her estate, to contract and be contracted with, to sue and be sued, and to bind herself *in all respects as fully as if she were unmarried.* The authority to contract and be contracted with, and to bind herself in *all respects as fully as if she were unmarried,* would seem to be broad enough to permit her to deal with her property as if she were a *feme sole.* These sections of our General Statutes have simply brought forward Chapter 3130 of the laws of 1879. The other sections of the General Statutes to which we have referred, *viz,* sections 2460 and 2590, requiring the husband to unite with her in conveyances of her separate property had long been the law of this State. Section 2460 was originally passed in 1835, and section 2590 seems to have been passed in 1845,

so that Chapter 3130 is the later act. According to an accepted canon of construction, if there be inconsistency between a former and a later act, the last act must be taken as the latest expression of the legislative will. If a married woman who has been made a free dealer must still secure the husband to join in her conveyances, how can it be said that she has authority to contract and be contracted with, and to bind herself in all respects as if she were an unmarried woman? If she must secure her husband to join with her in selling and conveying her real estate, to that extent she cannot contract, and cannot bind herself in all respects as fully as if she were unmarried. There is no language in the statute which limits her authority and power as a free dealer to personal property, or to property which she uses in trade. The statute names the property to which it refers as *"her own estate and property"* without qualifications or limitations of any sort. These words it would 'seem mean *all* her estate and *all her property,* not some particular parts thereof. If the married woman had petitioned to be made a free dealer as to some particular part of her property, a decree based on such petition, under the authority of New England Mortgage Security Co. v. Powell, 94 Ala. 423, 10 South. Rep. 324, a decision by Justice McCLELLAN, would have been void. If she cannot carry out her executory contracts as if unmarried, she is left in the anomalous position of being sued on such a contract to convey her real estate, if her husband declines to unite with her in the deed of conveyance. In 2 Bishop on the Law of Married Women, section 182, it is said: "The statute of Wisconsin provides that the real estate, and the rents, issues and profits thereof, of any female now married shall not be subject to the disposal of her husband, but shall be her sole and separate property as if she were a

single female. Like provisions follow relating to her personal estate, and the effect of the whole has been held to be, among other things, to authorize the wife to dispose of this her property by her *sole conveyance* and in general to deal with it as if in the language of the enactment she were a single female." A like conclusion is reached in New York where the statute authorizes a married woman to convey her statutory estate as if she were unmarried. Section 199 Id. Says Mr. Bishop: "An unmarried woman cannot be joined in her conveyance by the husband for the reason that she has no husband; and for the same reason no privy acknowledgment—that is acknowledgment apart from her husband—can be taken. Consequently where a statute provides that a married woman may convey her lands 'in the same manner as if she were unmarried it is in terms directly repugnant to a prior one which required the joinder of the husband and a privy examination, and supersedes it as to the estates to which it applies." I cite these authorities to show the effect of statutes authorizing a married woman to deal with her property "as if unmarried."

In the case of Farmers' Exchange Bank v. Hageluken, 165 Mo. 443, 65 S. W. Rep. 728, the Supreme Court of Missouri held that "under section 6864 Revised Statutes of 1889 vesting a married woman with power to transact business on her own account and to make contracts and section 6869 providing that real estate belonging to a married woman shall be her separate property, a married woman may convey the legal title by her deed of trust, without her husband joining therein, of lands acquired by her since the passage of such laws to secure her notes." Section 6864 referred to, reads as follows: "A married woman shall be deemed a feme sole so far as to enable her to carry on and transact business on her own account,

to contract and be contracted with, to sue and be sued, and to enforce, and have enforced against her property such judgments as may be rendered for and against her, and may sue and be sued at law or in equity, with or without her husband being joined as a party, provided a married woman may invoke all exemption and homestead laws now in force," &c. In the opinion construing this section it is said: "If section 6864 confers a legal estate on a married woman, and if it gives her full power to *contract and be contracted with* (italics the writer's) then the result of such a contract, if it takes the form of a deed of conveyance of necessity, must pass the legal title, and not create a mere pledge or equitable lien."

It must be observed that our statutes, unlike those of some other States, do not undertake to take away the common law disabilities of all married women. It applies only to those who shall be able to satisfy the Circuit Judge, after testimony has been taken and inquiry has been made, that they have the capacity and qualifications to take charge of and manage their separate estates and property. Undoubtedly this statute is based on the well known fact that too often a married woman is the bread-winner and stay of the family; and owing to the incapacity of the husband to make proper provision for his family, and his inability to educate his children, the burden falls upon the wife. Why should a narrow construction be given to the statute putting her at the mercy of an incompetent husband, thus hampering her in the use of her separate estate, in a way that she could not be "if she were unmarried?" We can see no good reason for giving such a narrow and restricted construction to the statute.

The decree appealed from is affirmed at the cost of appellants.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD, J., concur in the opinion.

COCKRELL, J., dissents.

TAYLOR, J., Concurring.

The statutes requiring the husband of a married woman to join her in the execution of all conveyances of her separate real estate are based upon the idea of woman's inferiority to man in the business world, and upon her supposed inexperience in worldly affairs, and were intended to safeguard her against imposition in disposing of her realty. Nothing passes from the husband by such a deed, since he has no interest or estate in the subject matter conveyed either present or inchoate—but his signature to the deed simply evidences the fact that he was cognizant of the transaction, and seeing no imposition therein upon his wife gives his consent thereto by joining her in the execution of the deed. Then follows the separate acknowledgment of the wife to the effect that she executed such deed freely and voluntarily and without any compulsion, constraint, apprehension or fear of, or from her husband, which in further recognition of the supposed weakness of the gentler sex, is designed to guard and protect her in dealing with her separate realty against imposition on the part of her husband. The statute providing for launching a married woman in the business world as a free dealer hedges her about with every safeguard. (1) It requires her to give published notice for four weeks of her intention to apply for a license as a free dealer. (2) It requires her to file her petition for such license in

chancery. (3) It requires the judge before whom such petition is filed to refer it to a master to take testimony and to make inquiry as to the capacity, competency and qualifications of such married woman to take charge of and manage her own estate and property. (4) Then upon the coming in of such master's report, upon the hearing thereof if the judge shall be satisfied as to the capacity and qualifications of such married woman to take charge of and manage her own estate and property, and to become a free dealer in every respect, he grants her the license as prayed for. (5) Then she is required to publish such decree for four weeks, after which she is authorized to take charge and control of her estate as a free dealer. After a married woman has successfully obtained her license as a free dealer she has demonstrated the fact that as to herself the safeguards provided by the general statutes for conveyance of her separate estate are unnecessary and inapplicable. For these reasons I concur in the opinion prepared by Mr. Justice HOCKER in cause.