GASTON DRAKE, *Appellant,* v. MINNIE H. MARCH *et al., Appellees.*

Opinion Filed January 10, 1914.

A personal decree or judgment against a married woman for her husband's debts cannot lawfully be enforced as against her separate property, real or personal, without her consent duly given as the constitution requires; and consequently where she has not specifically consented in the manner required by the constitution that her separate property should be liable therefor, it is not error to refuse to render a deficiency decree against a married woman for her husband's debts.

Appealed from Circuit Court of Dade County; L. W. Bethel, Judge.

Decree affirmed.

*Shutts, Smith & Bowen,* for Appellant;

*Atkinson, Grambling & Burdine,* for Appellees.

WHITFIELD, J.—This appeal presents the question whether in foreclosure proceedings the lower court erred in refusing to render a deficiency decree against a free dealer married woman personally who joined her husband in executing the mortgage on his lands to secure his debt. The note was signed by the husband alone. The mortgage executed by the husband and wife as parties of the first part contains a covenant by "the parties of the first part" to pay the debt and expenses, &c; and the acknowledgement of the wife states that she executed the mortgage "for the purpose of mortgaging and of releasing, relinquishing, renouncing, and conveying all her right of dower, separate estate, and homestead, and all her rights in and to the lands in said deed described and granted."

The bill alleges that at the time the mortgage was executed, the wife was a "free dealer unter the laws of Florida."

Sections 1 and 2, Article XI of the Constitution provides:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterwards by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women.

A married woman's separate real or personal property may be charged in equity and sold, or the uses, rents and profits thereof sequestrated for the purchase money thereof; or for money or thing due upon any agreement made by her in writing for the benefit of her separate property; or for the price of any property purchased by her, or for labor and material used with her knowledge or assent in

the construction of buildings, or repairs, or improvements upon her property, or for agricultural or other labor bestowed thereon, with her knowledge and consent."

The statute providing for removing certain disabilities of married women enacts that upon a decree rendered and compliance with stated requirements, a married woman "shall be authorized to take charge of and control her estate, to contract and be contracted with, to sue and be sued, and to bind herself in all respects as fully as if she were unmarried."

This statute operates in the field not covered by the sections of the constitution above quoted. Lerch v. Barnes, 61 Fla. 672, 54 South. Rep. 763.

Under the statute a married woman who has been duly declared to be a "free dealer" is authorized "to contract and be contracted with, to sue and be sued, and to bind herself in all respects as fully as if she were unmarried," yet by the terms and superior force of the constitution the "property, real and personal," of a married woman "shall not be liable for the debts of her husband without her consent given by some instrument in writing, executed according to the law respecting conveyances by married women."

A personal decree or judgment against a married woman for her husband's debts cannot lawfully be enforced as against her separate property, real or personal, without her consent duly given as the constitution requires; and consequently there was no error in declining to render a deficiency decree against the married woman.

Affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND COCKRELL, J. J., concur.

HOCKER, J., takes no part.