JOHN BIGELOW, and FRANK C. BIGELOW, his wife; JOHN BIGELOW, as Administrator of the Estate of Margaret A. Hill, deceased; JOHN T. HILL and HELEN BIGELOW MALCOLM, v. DUDLEY C. DUNPHE, as Executor of the Last Will and Testament of Margaret C. Dunphe, deceased.

198 So. 13

En Banc

For Former Opinion see 197 So. 328

Opinion Filed October 1, 1940

*J. C. Cain* and *Archie Clements*, for Appellants.

*D. G. Haley and Harrison E. Barringer*, for Appellee.

### On Petition for Rehearing

Whitfield, J.—The Constitution contemplates that a married woman may be the head of a family residing in this State even though the husband is living, if the wife is in fact the head of the family; and as such head of a family she may have homestead exemption rights, under Section 1, Article X, of the Florida Constitution, in real estate owned by her upon which she lives with her husband and her children as their family home; and though she owns the home place and is a "free dealer" under the statute, she cannot legally convey or mortgage such home place unless her husband joins her in the execution of such conveyance or mortgage as required by Section 4, Article X, Constitution, if she is, when the conveyance or mortgage is executed by her, the head of the family residing with the family on such home place in this State. Husband and wife

may constitute a family under the homestead article of the Constitution. If there be a presumption of fact that the husband if living is the head of the family, such presumption does not relieve a mortgagee or grantee of the duty to ascertain the rights of those occupying real estate that is being conveyed or mortgaged.

Article XI of the Constitution does not modify or affect the operation of the provisions of Article X of the Constitution regulating the execution of conveyances and mortgages of homestead real estate, whether the wife or the husband is the head of the family and the owner of the homestead real estate.

In Lerch v. Barnes, 61 Fla. 672, 54 So. 763, a conveyance of real estate, the separate property of the wife by her deed not joined in by the husband, did not involve the conveyance or mortgage of a homestead owned by the wife who was the head of a family living on the property at the time of the conveyance. In that case the wife was a "free dealer," and conveyed her separate real estate by her deed alone for her own purposes.

·Motion to file granted and rehearing denied.

TERRELL, C. J., BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.