**LOUISE JONES COLLINS, a widow, v. S. B. COLLINS, individually and as Executor of the Last Will and Testament of W. R. COLLINS, deceased, and Ruth Allsbrook.**

7 So. (2nd) 443                                       Division B
April 10, 1942

Hugh C. Nicholas, for appellant.

H. V. Whitehurst, for appellees.

TERRELL, J.:

This is a controversy between appellant and appellees over the possession of Lot 12, Block 3, Beverly Heights in Dade County, S. B. Collins filed his petition in the County Judge's Court praying that appellant be required to release possession of said lot to him. When the petition was heard, the County Judge found that the question of homestead property was involved in the controversy and declined to proceed further with the cause.

Several methods for settling the dispute were discussed but it was eventually agreed that a friendly suit would be brought for the purpose of construing the will of W. R. Collins and thus adjudicate the homestead question. This suit was brought and on final hearing, the chancellor found that appellant and her husband, W. R. Collins did not occupy and claim a homestead in Lot 12, Block 3 of Beverly Heights at the time of his death. The final decree also held that the "plaintiff and all persons claiming by, through, and under her are hereby barred and decreed from ever claiming or attempting to claim any interest, right, or title in said property described in the preceding sentence hereof." This appeal is from the final decree.

The questions raised turn on the fact of whether or not appellant and her deceased husband, W. R. Collins, occupied or claimed Lot 12, Block 3, Beverly Heights in Dade County as their homestead at the death of the latter.

Appellees are the children of W. R. Collins by a

former marriage. Appellant and W. R. Collins were married in the early 1930's. W. R. Collins owned several parcels of land besides the lot in question. Late in 1939, appellant brought suit against W. R. Collins for separate maintenance. The latter countered with a cross bill for divorce. A decree resulted in favor of appellant for separate maintenance and temporary attorney's fees.

Shortly afterward, the parties became reconciled and resumed the marital status and dismissed their suits. W. R. Collins died March 15, 1941. The evidence is uncontradicted that in 1939, 1940, and 1941, W. R. Collins applied for and was granted homestead exemption on the lot in question. Appellant also testified that as a condition to dismissing her bill of complaint for separate maintenance and returning to live with her husband, she would never again be required to live with him in the shack or dog house on Lot 13, Block 3, which was adjoining the lot in controversy. It is also shown that appellant and her husband did in fact return to the garage apartment on said Lot 12 in August, 1940, where they continued to live as their homestead until sometime in January, 1941, when they rented it temporarily to winter tourists.

There is other testimony that shows residence on said lot and some evidence tends to show to the contrary but the evidence of appellant as to residence and the evidence as to exemption is not contradicted. Did the fact that appellant and her husband removed temporarily from the home on Lot 12 and rented it for the tourist season constitute an abandonment of the homestead?

In our view, this question must be answered in the

negative. The purpose of the homestead is to shelter the family and provide it a refuge from the stresses and strains of misfortune. It has a very definite place in the social status of the family but daily residence is not essential to create or maintain it. Temporary absence with the intent to return does not disrupt it. It is a common practice in the tourist communities for the family to move out of the home and rent it for a brief season, but always with the purpose of returning.

We do not think such absence constitutes an abandonment of the homstead. The decree appealed from must be and is hereby reversed.

Reversed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.