In the Matter of Dorothy Louise BLASENDORF, Debtor.

Dorothy Louise BLASENDORF, Plaintiff,

v.

CREDITHRIFT OF AMERICA, Defendant.

Bankruptcy No. 82–1205.
Adv. No. 82–0490.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 15, 1983.

Gerald R. Sage, Tampa, Fla., for defendant.

Roger Hartley, Tampa, Fla., for plaintiff.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested matter and the question in controversy is the right of Dorothy Blasendorf, the Chapter 7 Debtor to invalidate the lien of Credithrift of America (Credithrift) pursuant to § 522(f)(2) of the Bankruptcy Code. The Debtor instituted the above-captioned adversary proceeding to invalidate the Defendant's lien to the extent that the lien impairs her exemption rights. Credithrift, however, challenges the Debtor's right to exercise the § 522(f) voiding powers contending the Debtor is not qualified to obtain benefits of the exemption laws of this State, Fla. Const. Art. X, § 4; Chap. 222, Fla.Stat. In the alternative, Credithrift alleges that the items claimed as exempt by the Debtor have a value in excess of the statutory ceiling for exemptions of personal property in this state, i.e. $1,000. Thus, even if the Court determines that the Debtor is entitled to claim exemptions, she can invalidate Credithrift's lien only to the extent that the lien impairs her exemption rights.

The facts relevant to the resolution of this controversy as established by the record and by the testimony can be summarized as follows:

Dorothy Blasendorf resided in the State of Illinois with her husband until 1978 and her husband having obtained a new position in the State of Florida, they left their residence in Illinois and were enroute to Florida in January of 1979 when her husband was fatally stricken with a congestive heart failure in Lakeland, Florida, before they reached their ultimate destination, to wit: Tampa, Florida. On June 18, 1982, the date she filed her Petition for Relief, she resided in an apartment together with her 16 year old married daughter and her 18 year old son-in-law.

The record further reveals that the Debtor's son-in-law, a young man without any special skills, lost his employment. It further appears that he is in good health; is not incapacitated in any sense, due to either a physical or mental condition; that he is able to discharge his responsibilities as the head of the household of his family unit consisting of himself and his wife. There is some evidence in the record that neither the daughter nor the son-in-law contribute any meaningful amount to the currently existing common household maintained by the Debtor by paying anything for their room and board.

Based on the foregoing, it is the contention of Credithrift that the Debtor is not the head of a household, therefore, she is not entitled to the benefits of the exemption laws of this State. In opposition of the contention of Credithrift that she is not entitled to any exemptions, it is the contention of the Debtor first that by virtue of § 222.19 of the Florida Statutes, she is entitled as a widow to enjoy the benefits of the exemptions provided for in Art. X, § 4, Fla. Const. In addition, it is the contention of the Debtor that, in any event, she is the head of the family by virtue of the fact that she now supports her daughter and, therefore, she is entitled to personal property exemptions under the laws of this State, even absent of the savings provision of § 222.19 of F.S. preserving the right to exemption to the surviving spouse.

Considering these contentions, seriatim, it is well to state at the outset that homestead

laws of this State are founded upon considerations of public policy, their purpose being to promote the stability and welfare of the State by encouraging property ownership and independence on the part of the citizen and by preserving a home where a family may be sheltered and live beyond the reach of economic misfortune. *Bigelow v. Dunphe,* 143 Fla. 603, 197 So. 328 (1940) reh. den. 144 Fla. 330, 198 So. 13; *Collins v. Collins,* 150 Fla. 374, 7 So.2d 443 (1942). It is well established that the provisions of the homestead laws must be carried out in a liberal and beneficient spirit in which they were enacted. *Drucker v. Rosenstein,* 19 Fla. 191 (1882); *Pasco v. Harley,* 73 Fla. 819, 75 So. 30 (1917); *White v. Posick,* 150 So.2d 263 (2d DCA 1953); *Graham v. Azar,* 204 So.2d 193 (Fla.1967). It is equally true, however, that exemption laws should not be applied as to make them an instrument of fraud or imposition on creditors. *Milton v. Milton,* 63 Fla. 533, 58 So. 718 (1912); *Jetton Lbr. Co. v. Hall,* 67 Fla. 61, 64 So. 440 (1914); *Pasco v. Harley, supra; Hillsborough Investment Co. v. Wilcox,* 152 Fla. 889, 13 So.2d 448 (1943). Each case must be considered and decided on its own facts and circumstances.

In this State, the traditional right to claim benefits of the exemptions laws was limited to a person who qualified to be the head of the household. In order to qualify as the head of the household, there must be at least two persons who live together a family relationship and one member of the family unit must be the "head" of the family. *In re Kionka Estate,* 113 So.2d 603 (Fla. 2d DCA 1959). This was the law of this state until the Florida legislature enacted Florida Statute 222.19(2) which now provides in part as follows:

222.19 F.S. Surviving Spouse as Head of Family; Defined

The head of family status required to qualify the owner's property to be exempt from homestead exemption permitting such property to be exempt from forced sale under the process of any court as set forth in § 4, Art. X of the State Constitution, shall inure to the benefit of the surviving tenant by the entirety or spouse of the owner. *The acquisition of this shall inure to the surviving spouse irrespective of the fact that there are not two persons living together as one family under direction of one of them who is recognized as the head of the family.* (emphasis supplied)

It is clear that the legislature intended to preserve the head of the household status and the attendant benefits to the surviving spouse, whether the surviving spouse is a widow or widower, thus, applying the liberal and beneficent construction traditionally accorded to exemption laws. *Marsh v. Hartley,* 109 So.2d 34 (Fla. 2d DCA 1959). This Court is satisfied that the Statute under consideration was a deliberate expression of the legislative intent to permit the preservation of the head of household status to a surviving spouse.

Applying the foregoing to the facts involved in this case there is hardly any question that the Debtor would be entitled to enjoy the benefits of the exemption laws of this State, provided that the deceased spouse was, in fact, the "head of the household" at the time he died, thus entitled to the benefits of the exemption laws of the State had he survived.

Prior to the amendment of the Constitution in 1968, only persons who resided within this State were entitled to enjoy the benefit of the exemption laws. An amendment to the Constitution, § 4, Art. X, Fla. Const., in 1968 eliminated the phrase, "resided in the state," thus, indicating that residence is not a precondition to the right to claim the benefits of the exemption laws. This, of course, does not mean that persons who have no nexus or connection with the State of Florida, such as transient tourists or temporary residents to claim benefits of the State exemption laws. For instance, it is clear that tourists and non-resident aliens are not entitled to any exemption benefits even though they actually maintain a residence in the State of Florida. *In re Cooke,* 412 So.2d 340 (Fla.1982).

This leads to the ultimate question whether or not a citizen or resident of a

state other than the State of Florida who is in the process of establishing a permanent residence in the State of Florida, but who was unable to do so because of his death, should be entitled to claim head of household status and the benefits of the exemption laws of this State.

■ There is no doubt that the deceased spouse of the Debtor and the Debtor left their original home state with the intention to establish permanent residence in the State of Florida. It is also without dispute that they abandoned their previous residence and domicile and were in the process of becoming permanent residents of the State of Florida. It is equally clear, however, that the untimely death of the Debtor's spouse occurred before they were able to establish any meaningful permanent nexus with this State. The fact of the matter is and it is without serious dispute, that the Debtor could have turned around and returned to her original home base. The fact that she decided to remain and settle in this State does not detract from the undeniable fact that at the time her husband died he was not a permanent resident of this State. This being the case, this Court is constrained to conclude that the untimely death of the Debtor's spouse prevented him from becoming the head of the household in the State of Florida and entitled him to claim the benefits of the exemption laws of this State. For this reason, his widow to whom the benefits ordinarily would inure by virtue of § 222.19(2) Fla. Stat. (1977), cannot now claim head of household status.

■ This leaves for consideration the alternative claim of the Debtor that by virtue of the fact that she now resides with her daughter and son-in-law, she is in fact the head of the household of that family unit, therefore, she is entitled to the benefits of the exemption laws accorded to heads of household by § 4, Art. X, Florida Constitution, independent of the right to claim exemption as a surviving spouse under 222.-19(2) of Fla.Stat. It is without dispute that before one can claim the benefits of the exemption laws of this State, there must be

at least two persons who live together in relation of one family and one of them must be the head of the family. The family unit required may be family-in-law, that is the relationship of husband and wife, parent and child, or family in fact, a relationship in which there is an established and continuing personal authority, responsibility and obligation upon one as the head of the family, for the welfare of others who in fact recognize and reserve a family relationship to the one as the head of the family. *In re Kionka's Estate, supra.* The requirement of a legal or moral obligation to discharge the duties is an indispensable element to the claim, but financial support by itself is not determinative. The parties cannot stipulate as to the family relationship. *Solomon v. Davis,* 100 So.2d 177 (Fla. 1958). A personal authority and responsibility is prerequisite and there must be a continuing authority and responsibility which rests upon one as the head for the welfare of the others. The obligation may be placed either on a legal or moral duty to support, but the relationship must be permanent. *In re Kionka's Estate, supra.*

■ Applying the foregoing principles to the undisputed facts in this case, it is clear that the Debtor is not entitled to claim head of household status in the legal sense, and is, therefore, not entitled to the benefits of the state exemption laws. The family unit of which she claims to be the head of the household consists of herself, her married daughter and her son-in-law. There is no evidence in this record that indicates that neither her daughter nor her son-in-law are not able to fend for themselves; cannot function without the aid of the mother and especially that the husband of the daughter is unable to discharge his duties as head of his family, i.e. the family unit consisting of himself and his wife either because of mental or physical condition which is permanent in nature. There is no evidence in this record that the Debtor exercises any authority over responsibility for her daughter and son-in-law, or that she discharges any duties as the head of the household. The married daughter and the son-in-law could,

at any time, if economic conditions change, decide to depart and establish their own independent existence away from the mother. It is clear that the facts of this case do not warrant a finding that the Debtor is, in fact, the head of household in her own right. Therefore, she is not, under either theory, to claim the benefits of the exemption laws of this State.

A separate final judgment shall be entered in accordance with the foregoing.