**In re Stella EHNLE, Debtor.**

**Bankruptcy No. 90–5931–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 12, 1991.

Ollie Ben Butler, Jr., Tampa, Fla., for debtor.

Stephen L. Meininger, trustee, Tampa, Fla.

Lynne England, U.S. Trustee, Tampa, Fla.

Roger O. Mills, Tampa, Fla., for creditor.

## ORDER ON OBJECTIONS TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is an Objection to the Claim of Exemptions of Stella Ehnle (Debtor) interposed by Germaine B. Taylor and several other creditors. The objection is based on the contention of the creditors that some of the properties claimed by the Debtor as exempt on her Schedule B–4 cannot be claimed and allowed as exempt as a matter of law.

In due course the matter was scheduled for evidentiary hearing at which time this Court considered the testimony of the witnesses, together with the record of this case, and now finds and concludes as follows:

The Debtor, who is a married person, lived with her husband until sometime in 1988 on property owned by them as tenants by the entireties located at 1311 Sunfish Drive, Brandon, Florida. It is without dispute that while they retained ownership to the subject property, the Debtor and her husband moved into a condominium located at 711 Oak Park Place, Brandon, Florida, and remained in same until June 10, 1990 when they moved back into their previous residence.

The voluntary Petition for Relief under Chapter 7 was filed on June 15, 1990. On her Petition for Relief, the Debtor stated under penalty of perjury that her mailing address on that date was 711 Oak Park Place, Brandon, Florida. On the Statement of Financial Affairs, also signed under penalty of perjury, in response to Question 1c which requires the Debtor to state the place of residence, she again stated that on the date of the commencement of the case, she resided at 711 Oak Park Place, Brandon, Florida. On Schedule B–4 the Debtor claimed the following properties as exempt:

Cash

Furniture listed in B–2

Clothing & personal possession listed in B–2

1988 Ply Voyager (SEC)

1986 Ply Voyager (SEC)

1988 Camero RS (leased-keep)

Real Property listed in B–1 (SEC)

PA Real Property listed in B–1

The Objection to her Claim of Exemptions is filed by Germaine B. Taylor and others named in the Objection, all of who claim to be creditors of the Debtor. The creditors claim that the property listed on B–4 is not her homestead property because on the date the Petition was filed she did not reside on either of the properties claimed as exempt. In addition, the creditors contend that the personal properties claimed by her as exempt exceed the value of $1,000 allowed by Article X, Sec. 4(a)(2), Fla. Const., and, therefore, the claim of the

excess value cannot be allowed as exempt as a matter of law.

It should be noted at the outset that the Debtor concedes, as she must, that the real property located in Pennsylvania cannot be claimed as her homestead, thus, the Objection as it relates to that property should be sustained and the property located in Pennsylvania cannot be allowed as exempt and is subject to administration by the Trustee. In addition, it also should be noted that there was no evidence presented whatsoever in support of the Objection to Claim of Exemptions as it relates to the personal properties listed by the Debtor on her B-4 schedule. For this reason, the Objection concerning those items should also be overruled and they are allowed as exempt pursuant to the applicable laws of the State of Florida. Art. X, § 4(a)(2), Fla. Const.

This leaves for consideration whether or not the property located at 1311 Sunfish Drive, Brandon, Florida should be allowed as exempt based upon the contention of the Debtor that on the date of the commencement of the case it was in fact her homestead thus allowable as exempt pursuant to Art. X, § 4, Fla. Const.

 It has been uniformly recognized that legislations dealing with exemptions are remedial in nature and, therefore, always should be carried out in the liberal spirit in which they were enacted. *Fla. Jur.2d Homestead § 4 at page 273.* It is axiomatic that homestead laws are founded upon consideration of public policy, their purpose being to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen and by preserving a home where a family may be sheltered and live beyond the reach of economic misfortune. *Bigelow v. Dunphe,* 143 Fla. 603, 197 So. 328, *reh. den.,* 144 Fla. 330, 198 So. 13; *Collins v. Collins,* 150 Fla. 374, 7 So.2d 443. From this it follows that all exceptions to the exemptions should be strictly construed in favor of the claim and against the challenger of the claim of exemptions. *Graham v. Azar,* 204 So.2d 193 (Fla.1967). However, it is equally true that the law should not be applied as to make it an instrument of fraud. *Hillsborough Invest. Co. v. Wilcox,* 152 Fla. 889, 13 So.2d 448 (1943). The claim of exemptions carries initially some presumptive validity and it is clear that the burden is on the objecting party to establish with preponderance of the evidence that the Debtor in fact is not entitled to the exemptions claimed.

 In this particular instance the objecting creditors rely solely on the fact that the Debtor stated twice under penalty of perjury that on the date of the commencement of the case she resided at 711 Oak Park Place, Brandon, Florida and not at 1311 Sunfish Drive, Brandon, Florida—property which she claims to be her homestead. It has been uniformly recognized that while the Constitution does not expressly require the owner to occupy the place claimed as homestead, there is hardly any question that the premises must be occupied as homestead by the claimant as the actual residence before the claim of an exemption can be recognized. *Hillsborough Invest. Co. v. Wilcox, supra.* Once the property acquires a status of homestead, that characteristic continues to attach to it unless the homestead has been abandoned. *Marsh v. Hartley,* 109 So.2d 34 (Fla.App.1959). From this it follows that a permanent abandonment of the homestead as a bona fide home and place of permanent abode strips it of its homestead character. *Hillsborough Invest. Co. v. Wilcox, supra.* The intention of the claimant is a crucial factor. Thus, when the claimant of homestead moves out of the property with the intention never to return, that certainly would operate as abandonment as a matter of law, which in turn would strip the property of its homestead character. When the intention to abandon the property as homestead is not established, the mere fact that there has been a temporary absence from the premises does not necessarily compel the conclusion that the claimant did, in fact, abandon the homestead formerly occupied by the claimant. *Marsh v. Hartley, supra.* As noted in the 5th Circuit Court of Appeals in *Monson v. First National Bank of Bradenton,* 497 F.2d 135 (5th Cir.1974), so long as there is

no evidence of an intent to permanently abandon the previously occupied premises, even though the husband and wife were away from the homestead property for a fairly extended period, this did not operate as abandonment of the homestead.

 In the present instance, this Court is satisfied that the Debtor and her spouse did, in fact, move out of the property which they are now claiming to be their homestead and were physically absent and did not reside in the property for more than a year. In fact, it is without dispute that they resided at 711 Oak Park Place, a condominium they rented. Their lease of the condominium granted them an option to purchase the condominium. At the time they moved out of the Sunfish Drive property they might have intended to change their residence permanently to the Oak Park Place property, which they intended to establish as their permanent residence once they exercised their option to purchase. However, since the complex was sold at a foreclosure sale, they lost the opportunity to exercise the option, thus it was only natural that they moved back to the old homestead in which they retained ownership. There is hardly any doubt that they did intend to occupy this property as their permanent residence after they lost the opportunity to purchase the Oak Park Place property. There is nothing in this record to contradict this fact except the two statements made by her under penalty of perjury to the effect that on the date of the commencement of the case her mailing address was 711 Oak Park Place, Brandon, and the statement, again under penalty of perjury, on her Statement of Financial Affairs, which again stated that her residence is located at 711 Oak Park Place, Brandon.

While one should not take a statement by the Debtors under the penalty of perjury lightly, one also should not lose sight of the obvious that the Voluntary Petition and the balance of the documents required by Bankruptcy Rule 1007 are frequently prepared and unfortunately signed by the Debtors, several weeks prior to actually filing the Petition. While this practice is not acceptable and should be condemned, it is a fact of life and this Court is unwilling to penalize the Debtors for the practice of attorneys who fail to either promptly file the Petition or at least before it is filed, to revise and update it in order to reflect current circumstances of the Debtors.

Based on this record, this Court is satisfied that the objecting creditors have failed to establish with the requisite degree of proof that the Debtor abandoned her homestead and, therefore, their objection to the claim of exemptions to the property located at 1311 Sunfish Drive, Brandon, Florida cannot be sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Claim of Exemptions of the Debtor be, and the same is hereby, sustained in part and overruled in part. It is further

ORDERED, ADJUDGED AND DE-CREED that the objection to claim of exemptions concerning the real property in Pennsylvania be, and the same is hereby, sustained and the claim of exemptions is disallowed and the property is subject to administration by the Trustee. It is further

ORDERED, ADJUDGED AND DE-CREED that the objection to claim of exemptions concerning the Debtor's personal property be, and the same is hereby, overruled and the personal property is allowed as exempt. It is further

ORDERED, ADJUDGED AND DE-CREED that the objection to claim of exemptions concerning the real property located at 1311 Sunfish Drive, Brandon, Florida be, and the same is hereby, overruled and the residence is allowed as exempt.

DONE AND ORDERED.