**In re Barbara Doreen BOONE, Debtor.**

**Bankruptcy No. 91–7470–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 29, 1991.

Wesley R. Stacknik, Seminole, Fla., for debtor.

Terry E. Smith, trustee.

Dennis LeVine, Asst. U.S. Trustee, for trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation. The matter under consideration is a challenge by Terry Smith (Trustee), the Trustee of the estate, of the Debtor's claim to exempt certain real property and also certain personal property scheduled by the Debtor and valued at $995.00.

The facts relevant to the resolution of the issues raised by the Trustee's objection are without dispute and appear from the record and from documents offered and admitted into evidence, and are as follows:

On June 7, 1991, the Debtor filed her Voluntary Petition for Relief under Chapter 7. On the Schedules submitted in the Petition, the Debtor claimed on Schedule B–4 as exempt real property described in Schedule B–1 and all personal property described in Schedule B–2(a). Both claims of exemption are based on, albeit not specified, Article X, Section 4 of the Florida Constitution which exempts residence which qualifies as the Debtor's homestead and also personal property not to exceed in value $1,000.00. In due time, Terry Smith was appointed to serve as Trustee for the estate of the Debtor. On August 9, 1991, the Trustee filed an Objection to the Debtor's Claim of Exemption. The Objection was based on the contention first, that the Debtor has undervalued the personal property claimed by $1,050, contending that the property has a fair market value of $2,050. In addition, the Trustee contended that the property located at 5001 Valencia Lane East, Palm Harbor, Florida cannot be claimed by the Debtor as homestead first, because the Debtor is not a citizen of the United States; second, "she is in violation of the immigration law" (sic); and third, the house is not the Debtor's permanent residence. On August 21, 1991 the Debtor filed a Response to the Trustee's Objection and which she conceded that she is not a citizen of the United States, contended however, that she is a permanent resident of the State of Florida, and that she has a valid social security number, is legally employed in the United States and that she intends to remain a permanent resident in the State of Florida and resides on the property claimed as her homestead.

It is undisputed that the Debtor is a Canadian citizen and at the time of her arrival in the United States she was married to Paul D. Boone. Mr. Boone entered the United States on an E–2 visa which was issued to him and had an original expiration date of 1990. The Debtor and her then husband filed an application to extend their E–2 visa in December, 1990. The E–2 visa issued to Mr. and Mrs. Boone is pursuant to a provision of the immigration laws of the United States which provides that citizens of a treaty country may temporarily enter the United States to be employed by a treaty-qualified company. 8 CFR Section 274(a)12(b)(5). It appears that Mr. Boone obtained his E–2 visa for the purpose of setting up a business in the United States known as P & B Enterprises, d/b/a Hub Suzuki and the Debtor obtained her visa only as the wife of the visa applicant, Paul Boone. It is without dispute that on December 18, 1990 the Debtor obtained a divorce from her husband thus her legal right to remain in the United States was lost since it depended solely on the E–2 visa issued to her former husband. Accordingly, following her divorce and continued to date, the Debtor no longer has any legal right to remain in the United States and to continue to work. Moreover, P & B Enterprises, the business founded by her former husband, ceased to do business having been evicted from the premises by the landlord and the Debtor no longer has any connection with P & B Enterprises and is currently employed by a nontreaty-qualified company. Based on the foregoing, the Debtor failed to maintain her status under

the original E–2 visa. 8 CFR Section 214.-2(e); 8 U.S.C. Section 1251(a)(9). For this reason, she lost her right to permanently remain in the United States. There is nothing in this record to indicate that the Debtor followed the procedure for transfer of her status pursuant to 8 CFR Section 245.1 and 248. Be that as it may, it is clear that she cannot apply for a conversion or transfer of her status for the simple reason that the first requirement to change the status under applicable law is that the applicant must have been present in the United States on or before June 1, 1978. Both the Debtor and her then husband did not arrive in the United States until 1990.

■ The protection of homestead was established by the Constitution of this State was established to preserve a home where the family may be sheltered and live beyond the reach of economic misfortune. *Bigelow v. Dunphe*, 143 Fla. 603, 197 So. 328 (1940) cert. den., 144 Fla. 330, 198 So. 13. One of the requirements of the Constitution is to establish the homestead character of the property that the owner must permanently reside in the State. This Court was called upon to consider the identical question in *In re Matter of Cooke*, 1 B.R. 537 (1979). In *Cooke*, this Court found that the Debtor was a non-immigrant alien in Florida without a permanent visa thus, legally incapable to form the necessary intent to remain permanently in Florida. Therefore, the Debtor was not entitled to obtain the homestead exemption promised by Article X of the Florida Constitution. The decision of this Court was affirmed by the District Court and the Fifth Circuit Court of Appeals, which, after obtaining an advisory opinion from the Supreme Court of this State, held that because of the status of Cooke as a non-immigrant alien whose stay was temporary, precluded him to claim his residence as homestead located in the United States. This Court is satisfied that the principles announced by this Court in *Cooke*, and by the Fifth Circuit are equally applicable in this case and therefore, the Debtor, since she is unable to form an intent to legally remain permanently in the United States, cannot claim her residence as homestead,

thus exempt, pursuant to Section 4, Article X of the Florida Constitution.

■ This leaves for consideration the last contention of the Debtor which is based on the proposition that to apply her exemption claim under the Florida Constitution in the manner set forth in *Cooke* would violate her equal protection rights under the Federal Constitution. This proposition is equally without merit. First, to require a permanency of residence in order to claim homestead of residence is not based on alien status vel non of the claimant. This provision applies equally to all aliens and citizens of other states of the Union and clearly if a citizen from another state who moves to Florida temporarily and purchases real estate will not be permitted to claim the property as homestead unless there is evidence in the record to support that he intended to establish a permanent residence in this State. On the other hand, there is no question that the resident alien whose status is no longer temporary but permanent would be entitled to claim his or her residence as homestead provided the property would otherwise qualify as homestead under the applicable laws of this State.

The identical argument was also considered in *Cooke* where the Fifth Circuit held "since we agree with the Supreme Court of Florida that the Appellant, a tourist, cannot legally formulate the intent to make his residence his family's permanent place of residence, we need not decide whether Florida may constitutionally exclude all foreigners from the benefits of its homestead laws." *In re Cooke*, 683 F.2d 130, 131 (5th Cir.1982). In *Juarrero v. McNayr*, 157 So.2d 79 (Fla.1963), the Florida Supreme Court held that one cannot complain that he has been denied due process of equal protection if every other person within a reasonable classification to which he belongs is treated in the same manner. In the present instance, in rejecting the Debtor's claim of homestead exemption does not treat her different than it would any other alien whose presence in the United States is temporary as a matter of law and who under the controlling provi-

sions of the immigration laws of the United States is legally unable to form the intent to permanently reside in the United States.

Based upon the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Objection to Claims of Exemption is found to be well taken and is hereby sustained and the Claims of Exemption is disallowed. It is further

ORDERED, ADJUDGED AND DE-CREED that the property claimed as exempt shall be property of the estate and subject to administration by the Trustee.

DONE AND ORDERED.