**In re Milton MCCLAIN and Patricia A. McClain, Debtors.**

No. 01–5842–3F3.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 13, 2002.

Leon M. Boyajan, Inverness, FL, for Debtors.

Bryce W. Ackerman, Ocala, FL, for Crystal River.

Mamie L. Davis, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Objection to Debtors' Claim of Homestead Exemption filed by Crystal River Quarries, Inc. and Central Materials Company (collectively, "Crystal River") and the Trustee.[1] The Court conducted a hearing on April 3, 2002. The Court elected to take the matter under advisement. Upon the evidence presented and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtors filed a Chapter 13 petition on June 21, 2001. (Doc. 1.) On their petition, Debtors listed their street address as 3581 South Apopka Avenue, Inverness, Florida 34450. Debtors did not list a separate

---

1. Although the Trustee filed an objection and was present at the hearing, the Trustee did not submit evidence and elected not to file a brief.

mailing address. On July 10, 2001 Debtors filed their schedules. (Doc. 5.) On Schedule C Debtors listed a 1991 Bounder mobile home as exempt homestead property pursuant to Fla. Stat. § 222.05. Debtors' Schedule A disclosed Patricia McClain's interest in 200 acres located at 12500 South Florida Avenue, Floral City, Florida 34436 "(the Real Property") and indicated that a motor home is located thereon.[2] Debtors did not claim any portion of the 200 acres as exempt. In response to Question 15 on their Statement of Financial Affairs, Debtors indicated that they resided at 3581 South Apopka Avenue, Inverness, Florida 34450 from 1994 until June 2000 and at the Real Property from June 2000 until the present.

On August 10, 2001 Debtors filed an amended petition, changing their street address to the Real Property and their mailing address to 6025 E. Turner Camp Road, Inverness, Florida, the business address of McClain Contracting, Inc., a corporation in which Debtor Patricia McClain owns all of the stock (the "business address").

The address on Debtors' driver's licenses is the business address. Until December 13, 2001, the address on Debtors' voter registrations was 3581 South Apopka Avenue, Inverness, Florida 34450. On March 1, 2001 Debtors applied for a property tax homestead exemption on the Real Property. The application includes Debtors' statement that they resided on the Real Property as of January 1, 2001.

On September 11, 2001 Crystal River objected to Debtors' claim of exemption in the motor home and the Real Property.[3] On February 1, 2002 Debtors filed an amended Schedule C claiming 160 acres of the Real Property as exempt pursuant to Article X, Section 4(a)(1) of the Florida Constitution.[4] On February 22, 2001 the Trustee objected to Debtors' claim of exemption in the motor home and the Real Property.

Patricia McClain testified that Debtors moved into the motor home on the Real Property in June 2000. She also testified that the motor home has a permanent sewer and water hookup, underground electricity, and is on a permanent concrete pad.

Judith Aiken, Debtors' employee from October 1997 until February 2001 testified that Debtors lived at 3581 South Apopka Avenue, Inverness, Florida during her employ. Mrs. Aiken also testified that the motor home was occasionally driven to the business address for repairs or maintenance. She conceded that she observed the motor home on the Real Property in April, May, or June 2001, but testified that it could have been driven at that time.

The parties have stipulated that the motor home is not exempt pursuant to Fla. Stat. § 222.05 or Article X, Section 4(a)(1) of the Florida Constitution.[5]

### CONCLUSIONS OF LAW

Crystal River contends that the Real Property can not be exempt because there

---

2. The 1991 Bounder mobile home which Debtors claimed as exempt and the motor home which is located on the Real Property are one and the same.

3. At the time of Crystal River's Objection to Debtors' claim of homestead exemption, Debtors had not claimed the Real Property as exempt. However, Crystal River's objection stated that Debtors had indicated to their creditors that they intended to claim the property as exempt.

4. The 200 acres consists of a 160 acre parcel and a contiguous 40 acre parcel. The parties stipulated that only the 160 acre parcel, if any, would be exempt.

5. The Court is not aware of the basis of the parties' stipulation.

is no permanent residence or abode thereon which qualifies for the homestead exemption. Alternatively, Crystal River contends that even if a non-exempt motor home can be utilized to qualify the Real Property for the homestead exemption, Debtors did not intend to permanently reside in the motor home on the Real Property on the petition date.

■ Upon filing for bankruptcy protection, all property belonging to a debtor becomes property of the estate. See 11 U.S.C. § 541 (2002). Nonetheless § 522 of the Bankruptcy Code allows a debtor to retain assets which are exempt from the bankruptcy estate. Section 522 of the Bankruptcy Code provides in relevant part:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . .

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as tenant by the entirety or joint tenant is exempt from process under applicable non-bankruptcy law.

11 U.S.C. § 522 (2002).

■ While the Bankruptcy Code allows a debtor to choose between exemptions, Florida citizens are not entitled to the federal exemptions listed in § 522(d). Florida citizens are entitled to only those exemptions allowed by state law, which exemptions are enumerated in the Florida Constitution (Article X, § 4) and the Florida Statutes (Fla. Stat. § 222.201 et seq.). See In re Haning, 252 B.R. 799, 804 (Bankr.M.D.Fla.2000). The Florida Constitution provides that:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;

(2) personal property to the value of one thousand dollars.

(b) These exemptions shall inure to the surviving spouse or heirs of the owner.

(c) The homestead shall not be subject to devise if the owner is survived by

spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.

Fla. Const. art. X, § 4 (2002).

■■■■ The Florida Constitution grants debtors a liberal exemption for homestead property. *See Englander v. Mills (In re Englander)*, 95 F.3d 1028, 1031 (11th Cir. 1996). Exceptions to the homestead exemption should be strictly construed in favor of claimants and against challengers. *See In re Ehnle*, 124 B.R. 361, 363 (Bankr. M.D.Fla.1991) (citing *Graham v. Azar*, 204 So.2d 193 (Fla.1967)). The burden is on Crystal River to establish by a preponderance of the evidence that Debtors are not entitled to the exemption claimed. Fed. R. Bankr.P. 4003(c). *See also In re Ehnle*, 124 B.R. at 363 (placing burden on objecting party to establish by a preponderance of the evidence that debtors are not entitled to claimed exemption).

■■■■ Although there is case law addressing the issue of whether a motor home owned by a debtor situated on property not owned by the debtor qualifies as exempt, the Court has not found, and the parties have not cited, any authority addressing the issue of whether real property, upon which there is a non-exempt motor home, can qualify for the homestead exemption.

There must be a sufficient nexus between a residence being claimed as exempt and a fixed property interest in Florida (the "physical permanency requirement") in order for the residence to qualify for the homestead exemption. *In re Kirby*, 223 B.R. 825, 827 (Bankr.M.D.Fla.1998). Additionally, a debtor must intend to make the property being claimed as exempt his permanent residence. *Id.* That Debtors are claiming the real property but not the motor home as exempt does not obviate the physical permanency requirement.

The Court finds the nexus between the motor home and the Real Property sufficient to satisfy the physical permanency requirement of the homestead exemption with respect to the Real Property. Patricia McClain testified that the motor home has a permanent sewer and water hookup, underground electricity, and is on a permanent concrete pad.[6] The Court is not troubled by Judith Aiken's testimony that the motor home appeared to be driveable as late as June of 2001. Indeed, so long as a debtor actually lived on real property being claimed as exempt, a non-exempt tree-house or tent would establish the requisite degree of permanency.

■■■■ The remaining issue is whether Debtors intended to permanently reside on the Real Property on the petition date. The Court finds that Crystal River failed to prove by a preponderance of the evidence that Debtors did not intend to permanently reside on the Real Property on the petition date. First, Patricia McClain testified and Debtors also indicated on their Statement of Financial Affairs that Debtors resided on the Real Property beginning in June 2000. Secondly, Debtors applied for the ad valorem property tax exemption on March 1, 2001, well before the filing of their bankruptcy petition. The status of property as homestead for

---

6. Although Debtors stipulated that the motor home is not exempt, they did not concede at the hearing or in their brief that the motor home does not satisfy the physical permanency requirement of the homestead exemption.

ad valorem tax exemption purposes is persuasive as to a debtor's intent. *In re Lee,* 223 B.R. 594, 599 n. 3 (Bankr.M.D.Fla. 1998). Debtors' use of the business address on their driver's licenses does not undermine their contention that they intended to permanently reside on the Real Property on the petition date. Finally, Debtors' failure to change their voter registration cards prior to December, 2001, in light of the other factors, is insufficient to establish that Debtors did not intend to reside on the Real Property on the petition date.

## CONCLUSION

Crystal River failed to establish the lack of a sufficient nexus between the motor home and the Real Property and also failed to establish that Debtors did not intend to permanently reside on the Real Property on the petition date. Accordingly, the Court will enter an Order Overruling Crystal River's and the Trustee's Objections to Debtors' claim of homestead exemption.