Action by Louise Simpson against Edwin E. Olsen, also known as Edwin E. Pierce, to subject funds belonging to defendant, which had been impounded in court, to the satisfaction of three judgments and to the unpaid portion of an alimony decree. From a decree, defendant appeals, and plaintiff filed a cross-assignment of errors.
Decree reversed with directions.
This case comes to this Court on appeal of a final decree wherein appellant and also appellee have assigned errors.
This action was commenced by the appellee, Louise Simpson, for the purpose of subjecting funds belonging to the appellant, Olsen, which had been impounded in court, to the satisfaction of three judgments held by the appellee through assignment and also to the satisfaction of the unpaid portion of an alimony decree. The appellee, Louise Simpson, will hereafter be referred to as the plaintiff and the appellant, Olsen, will be referred to as the defendant.
On or about February 2, 1943, the plaintiff and the defendant, then being husband and wife, by purchase acquired title to a house and lot in Jacksonville. Thereafter they, with their two daughters, occupied this home as the homestead.
On September 8, 1943, the plaintiff wife instituted divorce proceedings and obtained an order of the court restraining the defendant from entering the home. The defendant removed his clothes from the premises and took quarters in a rooming house, where he has continued to live until the filing of this appeal. A final decree of divorce, in favor of the plaintiff, was entered August 18, 1944.
The decree gave to the plaintiff custody of the two minor children and provided that the defendant pay $30.00 per week alimony and support money to the plaintiff and the two children, also all the costs of the proceedings, including attorney's fees for the plaintiff, court costs, etc., and that thereafter the parties would hold the property as tenants in common. The Chancellor granted the plaintiff the right to occupy the premises with her two minor daughters, unmolested by the defendant, until such time as she remarried or both the daughters were married.
The plaintiff was married to Roy Simpson, her present husband, on the 15th of June, 1945, and on August 17, 1945, she instituted proceedings to have the property partitioned and sold. The property was sold in the partition proceedings and an order was entered confirming the sale and directing that one-half of the net proceeds, amounting to $3,194.96, be paid over to the plaintiff, and a like amount, belonging to the defendant, be impounded, pending the determination of the claims against it by his former wife.
The trial court referred the case to a Special Master, who reported that the property was homestead property from the beginning until the time of the sale and that the proceeds of the sale, impounded in court, retained their homestead character. Article 10, Section 1, Florida Constitution, F.S.A. *Page 803 
The Special Master held that the three judgments obtained against the defendant by third parties and held by the plaintiff under assignments were not enforceable out of this fund; but that, since the purpose of the exemption was to protect the family from being rendered destitute by the actions of creditors and to assure to the family the means of providing the necessities of life and that since the claims of the wife and children for alimony and support money and the necessary expenses incurred in enforcing such claims were in the nature of rights thus protected, the exemption does not apply to them and that the unpaid balance of the alimony decree for the costs of obtaining the divorce, including solicitor's fee, Master's fee and sheriff's fee, should be paid out of this fund.
The trial court confirmed the Special Master's finding of fact and conclusions of law and directed that payment be made accordingly. The defendant appealed the final decree. The plaintiff filed a cross-assignment of errors, charging that the trial judge erred in not holding that the three judgments held by the plaintiff under assignment were collectible out of this fund.
Doubtless at one time the property was a homestead, but when it is considered that the parents were divorced and the wife given the exclusive possession until her death or remarriage, and that she has remarried; that she has successfully brought a partition suit for property after moving out of it, and the property has been converted into money, in order that each may have his moity; that there are no equities favoring the husband, i.e., matters going to what is fair, just and right, sufficient to stay the cold hand of the law, it seems that the wife is the judgment creditor of the husband and that the husband's share in the proceeds of the sale is subject to the satisfaction of the judgments held by the wife.
The property is now personalty, and the pertinent constitutional provision is:
Section 1. Homestead defined; nature of exemption.
"A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." Article 10, Section 1, Florida Constitution.
We are faced with the question as to whether or not the defendant husband is the head of a family. If so, he is entitled to a homestead exemption of "one thousand dollars worth of personal property."
The husband has not been relieved of his obligation to his children and in fact could not be relieved of his moral obligation toward them. The husband contends that he occupies the status in law of the head of a family. The Master and Chansellor so concluded.
To so hold puts a strain on the scales of justice. However, we will not disturb the finding, but do hold the appellant's exemptions to be limited to a claim of the property as "personal property." The appellant's interest lost its character as "land" when the sale became fully effective.
The decree appealed is reversed, with directions to the Chancellor to enter a decree in accord herewith.
ADAMS, C.J., and TERRELL, SEBRING, and HOBSON, JJ., concur.
CHAPMAN and THOMAS, JJ., dissent. *Page 804