402 So.2d 428 (1981)
SUN FIRST NATIONAL BANK OF ORLANDO, a National Banking Association, Appellant,
v.
W.L. GIEGER, a/k/a Wilfred L. Gieger, and Henrietta W. Gieger, His Wife, Appellees.
No. 80-1067.
District Court of Appeal of Florida, Fifth District.
June 10, 1981.
As Corrected on Denial of Rehearing August 19, 1981.
*429 Patrick T. Christiansen of Akerman, Senterfitt, Eidson, Orlando, for appellant.
Ronald L. Sims of Hoffman, Hendry, Stoner, Sims & Sawicki, Orlando, for appellee W.L. Gieger.
Robert F. Evans, Jr., Orlando, for appellee Henrietta W. Gieger.
COBB, Judge.
This is an appeal from an order dissolving a writ of garnishment obtained by the appellant, Sun First National Bank of Orlando, issued against J. Nolan Carter and wife as debtors of the judgment debtor appellees, W.L. and Henrietta W. Gieger. The bank had obtained a judgment in the amount of $24,193.17 against the Giegers, and then on March 27, 1980, initiated garnishment proceedings to collect it from the Carters as garnishees. In his answer to the writ, Carter admitted currently owing the Giegers $570.58 due as the first payment on a $47,000 note and mortgage executed to the Giegers on February 21, 1980, for the purchase of the latters' homestead. The note was amortized over a ten-year period.
In addition to the note and mortgage, the Carters paid the Giegers $16,000 cash as a deposit on the sale. Prior to the sale of the homestead, the Giegers had separated; the cash deposit was divided and Mr. Gieger assigned his interest in the note and mortgage to Mrs. Gieger, who intended to use the payments in the purchase of a new home for herself and two minor children.
The Giegers moved to dissolve the writ on the basis that the mortgage payments were intended by the Giegers to be used for the purchase of a new homestead, to be purchased for $59,000 and, therefore, said mortgage payments were exempt from levy of execution by the Florida Constitution.[1]
*430 The trial court held an evidentiary hearing and, as a result thereof, entered the following order dissolving the writ of garnishment, and it is this order which we review on this appeal:
THIS CAUSE came on to be heard before the Court on the 27th of May, 1980, upon the Motion to Dissolve Garnishment filed by the Defendant, W.L. Gieger, May 2nd, 1980. The Court finds that this case is controlled by Orange Brevard Plumbing & Hearing [sic] Co. v. Lacroix, 137 So.2d 201 (Fla. 1962). The testimony of the parties in this case before the Court indicates that from the sale of their property on Timberlane which was covered by the homestead exemption was sold and $16,000.00 from that sale was put up for a new home costing approximately $59,000.00. The bank has sought to garnish as not being homestead the Nolan Carter mortgage of $21,500.00 which was to be paid over a ten (10) year period on the basis that only cash could be considered. That is, the note and mortgage lost their character as land and because of the time period could not be considered as being applied towards the new homestead. The Orange Brevard case indicates that it is the good faith intention prior to and at the time of the sale of the property covered by the homestead exemption to reinvest the proceeds in another homestead within a reasonable time. Only so much of the proceeds as are intended to be put in another homestead may be exempt and any surplus should go to the general assets of the debtor. The homestead law is liberally construed to allow the homestead exemption for debtors. Since more than the $21,500.00 coming from Nolan Carter will be required to be used toward the securing of the replacement homestead, they should not be penalized because instead of getting all cash at the time of sale of the covered homestead on Timberlane, they received in part a note and mortgage to be applied over a period of time for the replacement homestead. When the Orange Brevard Court indicated the investment had to be within a reasonable time they were considering the time between the sale of the exempt homestead and the purchase of the replacement homestead. Therefore, it is;
CONSIDERED, ORDERED and ADJUDGED that the Bank's garnishment shall be and the same is hereby dissolved.
DONE and ORDERED in Chambers at Orlando, Orange County, Florida this 18th day of August, 1980.
We agree with the trial court that this case is controlled by the 1962 opinion of the Florida Supreme Court in the Orange Brevard case cited above. In that case, the seller of the homestead was a judgment debtor. At the time of purchase, the buyer withheld $6,000 from the purchase price pending a determination of whether the judgment was a lien on the property involved. A judgment creditor garnished the $6,000 cash while it was in the hands of the buyer's attorney. The sellers of the homestead then filed a motion to dissolve the writ of garnishment on the ground that the $6,000 was exempt from forced levy as the proceeds from the sale of homestead property. The Orange Brevard court held that the proceeds of a voluntary sale of a homestead were exempt from the claims of creditors, just as the homestead itself was exempt:
[I]f, and only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time. Moreover, only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt *431 under this holding. Any surplus over and above that amount should be treated as general assets of the debtor. We further hold that in order to satisfy the requirements of the exemption the funds must not be comingled with other monies of the vendor but must be kept separate and apart and held for the sole purpose of acquiring another home. The proceeds of the sale are not exempt if they are not reinvested in another homestead in a reasonable time or if they are held for the general purposes of the vendor. [Emphasis in the original].
Sun Bank argues that when the exempt homestead property changes its form, it loses it exemption, citing Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979), and Hertz v. Fisher, 339 So.2d 1148 (Fla. 3d DCA 1976). These cases are inapposite, because they deal with the scope of the statutory exemption of wages due granted under section 222.11, Florida Statutes (1979). The Orange Brevard case clearly stands for the proposition that homestead property can change into proceeds and still be protected. The issue is whether those proceeds must be cash proceeds in order to come under the protection of Orange Brevard. Sun Bank further cites 40 C.J.S. Homesteads § 72 (1944) for the proposition that the exchange of homestead property for personality does not necessarily exempt the personalty. As explained in Orange Brevard, Florida takes the minority position of protecting the proceeds from the sale of a homestead under the specific circumstances set forth in the above quotes from that case.
Sun Bank cites the case of Olsen v. Simpson, 39 So.2d 801 (Fla. 1949), to support its claim that the appellees are entitled only to a $1,000 personal property exemption, rather than a real property homestead exemption for full value. The case is troublesome. Through a series of assignments, the former wife became the judgment creditor of the former husband. The parties' former residence was partitioned, and the court held that the husband's share in the proceeds of the sale was subject to the satisfaction of the judgments held by the wife. The court held that the former husband had only a personal property exemption of $1,000, rather than the full value of his proceeds. The Olsen case, however, is distinguishable from Orange Brevard: In Olsen, there was no mention that the husband intended to reinvest his proceeds into another homestead. Additionally, Orange Brevard is subsequent to Olsen and, to the extent of any conflict, overrules it.
Sun Bank also cites Weiss v. Stone, 220 So.2d 403 (Fla. 3d DCA 1969), a case in which the court refused to apply Orange Brevard because there was no evidence to show that the money used to buy the second property originated from the sale of the first homestead. Weiss could actually be construed to favor the appellees, since in the present case there was evidence that the proceeds from the first homestead were going into the second home.
Orange Brevard requires the homestead seller to show by a preponderance of the evidence a good faith intention, both prior to and at the time of the sale, to reinvest the proceeds of the sale into another homestead within a reasonable time. In the instant case, the trial court implicitly found that such intent existed by its reliance on the Orange Brevard holding in its order to dissolve the writ of garnishment, and the record contains sufficient evidence of that intent to support such a finding.
Though the Giegers had the requisite intent to use the proceeds from the sale of their previous homestead (i.e., the note and mortgage), the case turns, as Sun Bank argues, on the form of the proceeds and the reasonableness of the time within which those proceeds are converted by the Giegers into a new homestead. When a cash sale occurs, the homestead seller no longer possesses a lot with a house on it; instead, his "homestead" is the cash he has in his pocket. During the reasonable period of time given by Orange Brevard to reinvest the proceeds, that cash is exempt from levy. During this period, the only homestead the homestead seller possesses is the cash in his pocket. When the homestead seller finds a *432 new homestead in which to live, under Orange Brevard he must hand over his current "homestead" in order to purchase his new, real-property homestead residence.
In the Orange Brevard holding, the language used was "proceeds" from the sale, not "cash proceeds." It would seem, then, that non-cash proceeds can be eligible for exemption, so long as they serve the same function that cash proceeds do, i.e., a temporary form of the homestead, to be reinvested, to be converted back into real-property homestead within the Orange Brevard reasonable time period. A note and mortgage may be the "substitute homestead" so long as it is reinvested into a new homestead and the new homestead is purchased within the reasonable time. Payments such as those made to the Giegers during the Orange Brevard reasonable time period would be protected.[2] Obviously, a note and mortgage could be discounted for cash and those cash proceeds invested in the new homestead.
In the present case, the Giegers were attempting to establish a new homestead, and intended to simply use the monthly payments they received from the Carters toward the mortgage payments on the new homestead. However, the Giegers were not able to carry out their intent because of the Sun Bank garnishment. Orange Brevard gives the homestead seller a "reasonable time" to reinvest the proceeds into a new homestead, and that reasonable time period must be determined from the facts and circumstances of each case. Orange Brevard at 207.
We cannot agree with the clear implication of the order of the trial court that the Giegers can extend the "reasonable time" for converting proceeds from the sale of one homestead to another up to ten years by the device of amortized mortgage payments they intend, but are not legally obligated, to direct to the new home. Whatever a reasonable time for such conversion may be, it is far less than ten years. On the other hand, we cannot say, under the facts of this case, that the period from the sale to the garnishment (February 21, 1980 to March 28, 1980) was an unreasonable period of time. For that reason, we cannot conclude that the trial judge erred as a matter of law in refusing garnishment at the time he was faced with the decision. However, at some point in time far short of ten years, the time for conversion of proceeds into a new homestead expires  and at that time the bank is entitled to garnish the unconverted and uncommitted proceeds, whether cash, notes, or otherwise. Accordingly, the judgment below is affirmed.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Article X, Section 4, Florida Constitution (1972), provides:

§ 4. Homestead  exemptions
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) A homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars. [Emphasis added.]
[2] This assumes all other Orange Brevard requirements are followed.