**In re Mark J. BINKO and Melany L. Binko, Debtors.**

**No. 00–34168–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

Jan. 29, 2001.

Nemia L. Schulte, Law Offices of Nemia L. Schulte, P.A., Pompano Beach, FL, for debtors.

Alvin S. Goldstein, Furr and Cohen, P.A., Boca Raton, FL, for Robert C. Furr, Chapter 7 Trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on January 25, 2001 upon the Trustee's Objection to Exemptions. The Debtors claim the proceeds from the sale of their residence as exempt homestead property on Schedule C. The Trustee has filed the instant objection to exemptions, contending that the proceeds from the sale of the Debtors' residence are not exempt because the Debtors used a portion of the proceeds to pay various living expenses prior to filing their bankruptcy petition. Having considered the objection and the response thereto; the argument of counsel; and for the reasons set forth below, the Court overrules the Trustee's objection to exemptions.

The Debtors filed their voluntary Chapter 7 petition on September 19, 2000. Approximately four months prior to filing the petition, the Debtors sold their homestead property because they could not afford the monthly mortgage payments of $1,700.00. According to the testimony of Mr. Binko, the Debtors intended to use the proceeds of the sale to purchase a less expensive home. They were hoping to find a residence that would require monthly mortgage payments of only between $500.00 and $600.00 dollars. Although the Debtors had negotiated with the purchasers of their homestead property to allow the Debtors an extra month to reside in the home, thereby affording the Debtors extra time to find a new home, a month proved to be an insufficient time period. Left with nowhere to live, they were forced to temporarily lease an apartment.

The sale of the Debtors' home generated $39,008.30 in net proceeds. The Debtors deposited those funds in a Command Account at Prudential Securities, designated as "homestead proceeds." The Debtors never commingled the sale proceeds in this account with any other income or funds from another source. Mr. Binko testified that the sale proceeds were maintained in this separate, segregated account because it was, and continues to be, the Debtors' intent to reinvest the proceeds in another homestead property. Due to the difficulties that the Debtors encountered in attempting to purchase a new home, the Debtors incurred unexpected living expenses. In order to keep a roof over their

heads and to pay for basic and necessary household items and services, the Debtors were forced to make withdrawals from the Command Account totaling approximately $13,000.00. Since the commencement of this bankruptcy case, the Debtors have made no further withdrawals from the Command Account and have found a new homestead property which they intend to purchase, with the remainder of the sale proceeds, using the remaining $27,000.00 in sale proceeds as a partial payment.

■ The Debtors have claimed the sale proceeds as exempt under Article X, Section 4(a)(1) of the Florida Constitution. The Trustee filed the instant objection on the grounds that the Debtors' pre-petition use of a portion of the sale proceeds negated the exemption for the remainder of the proceeds. Thus, the issue before the Court is whether proceeds from the sale of homestead property, which otherwise would constitute an exempt asset, lose their exempt status once a portion of the proceeds is utilized for a purpose other than reinvestment into a new homestead property.

■ Florida's Constitution provides Florida citizens with the protection of an extremely generous homestead exemption. The purpose of this homestead exemption is to protect and preserve the family home. *See In re Harrison,* 236 B.R. 784, 786 (Bankr.M.D.Fla.1999). "It is well-established, of course, that Florida's homestead exemption should be liberally construed in favor of the exemption." *In re Gilley,* 236 B.R. 441, 445 (Bankr.M.D.Fla.1999). "The burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption." *In re Harrison,* 236 B.R. at 786 (citing *In re Imprasert,* 86 B.R. 721, 722 (Bankr. M.D.Fla.1988)).

■ While there is no direct case law on point, the Court finds the Florida Supreme Court case of *Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So.2d 201 (Fla.1962), which extended Flori-

da's homestead exemption protection to the proceeds from the sale of homestead property, instructive in the instant case. The *La Croix* case displays the liberal interpretation that courts in the state of Florida apply to the Florida homestead exemption and recognizes that the purpose of Florida's homestead exemption was never to bind a family, once settled, to a particular home for the rest of their lives. Instead, the homestead exemption "is a protection which should remain inviolate so long as the head of the family who is indebted acts in good faith and with reasonable diligence in converting one homestead into another." *Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So.2d at 206. The following are factors a court should consider in determining whether the proceeds from the sale of homestead property are entitled to the exemption: (1) there must be a good faith intention, prior to and at the time of the sale, to reinvest the proceeds in another homestead within a reasonable time; (2) the funds must not be commingled with other monies; (3) the proceeds must be kept separate and apart and held for the sole purpose of acquiring another home. *See id.*

These factors are present in the instant case. First, the Debtors have shown, by a preponderance of the evidence, a good faith intention to reinvest the proceeds into another homestead within a reasonable period of time. Mr. Binko testified as to the Debtors' continuous search for an affordable home, the difficulties in procuring financing, and especially their willingness and ability to enter a contract for the purchase of a mobile home and property lot pending the outcome of the Trustee's instant objection. Second, the Debtors have not commingled the proceeds with any income or funds from any other source. Following the initial deposit of the homestead sale proceeds in the Prudential Command Account, no further deposits were made. Lastly, the proceeds that the Debtors now claim as exempt were held

separate and apart and were held solely for the purpose of reinvestment into another homestead.

 The Trustee contends that the Debtors did commingle the proceeds by making withdrawals from the Command Account. The Court disagrees with this argument. A "commingling" of the proceeds would be to place funds from a different source into the same account as the proceeds from the sale of the homestead. *See* BLACK'S LAW DICTIONARY 264 (7th ed.1999) (Commingle means "[t]o put together in one mass, as when one mixes separate funds or properties into a common fund"). The reason that proceeds would lose their exempt status if commingled with other funds is that, once the other funds are mixed in with the sale proceeds, one would be unable to distinguish between the homestead sale proceeds and the other funds. Such a circumstance does not exist with mere withdrawal of a portion of the proceeds. There is no question that the funds still held in the Debtors' Command Account were derived from the sale of their homestead property, an exempt asset.

 The Trustee also contests the assertion that the proceeds were held for the sole purpose of reinvestment into another homestead. The Trustee finds support for this argument in the fact that a portion of the proceeds were used for basic living expenses and not for the purchase of a new residence. It is true that some of the funds were used for a purpose other than reinvestment. However, the remaining funds, which are being held for the sole purpose of reinvestment into another homestead, are exempt, as "only that portion of the proceeds that are intended to be reinvested are exempt." *In re Harrison*, 236 B.R. at 786.

After considering all the factors set forth by the Florida Supreme Court in the *La Croix* case, the Court finds that the factors weigh in favor of the Debtors. In addition, the Trustee has not met his burden of showing that the Debtors are not entitled to the claimed exemption. Thus, the proceeds from the sale of the Debtors' homestead property, claimed by the Debtors as exempt on Schedule C, are exempt pursuant to Article X, Section 4 of the Florida Constitution. Accordingly, it is

**ORDERED** that the Trustee's Objection to Exemptions is **overruled.**