919 So.2d 551 (2005)
Sharon ROSSANO, Appellant,
v.
BRITESMILE, INC., Appellee.
No. 3D05-741.
District Court of Appeal of Florida, Third District.
December 28, 2005.
Rehearing Denied February 8, 2006.
Nancy C. Wear, for appellant.
Baker & Hostetler and David S. Wood (Orlando), for appellee.
Before SUAREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
On August 12, 2004, the appellee secured a $108,247.15 judgment against the appellant. Later that year, while taking her deposition in aid of execution, the creditor learned that she planned to sell her homestead and to purchase a less expensive residence instead. On December 30, the appellee served a writ of garnishment on a closing agent who held an account reaching the total of $187,551.87, the proceeds of the sale of her first home.[1] *552 Because, on November 24, she had entered into a contract for the purchase of a new home for $308,000, Ms. Rossano claimed an exemption pursuant to Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla.1962), on the ground that her previous homestead exemption applied to the escrowed funds. Notwithstanding, after a hearing, the court awarded a garnishment judgment for the full amount of the judgment plus costs.
We reverse on the holding that, in light of the evidence concerning the judgment-debtor's clear intention to devote all or part of the proceeds received from the sale of her previous home into a new homestead so as to qualify for continued exemption under La Croix, it was error for the trial court to require garnishment of the entire amount claimed. Instead, the court should await the closing on the new home and then order payment to the appellee judgment-creditor only of that amount, if any, which was not used in good faith for the new residence. As is said in La Croix:
[T]he proceeds of a voluntary sale of a homestead to be exempt from the claims of creditors just as the homestead itself is exempt if, and only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time. Moreover, only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding. Any surplus over and above that amount should be treated as general assets of the debtor.... The proceeds of the sale are not exempt if they are not reinvested in another homestead in a reasonable time or if they are held for the general purposes of the vendor.
La Croix, 137 So.2d at 206; see also Suntrust Bank/Miami, N.A. v. Papadopolous, 740 So.2d 594 (Fla. 3d DCA 1999); Shawzin v. Donald J. Sasser, P.A., 658 So.2d 1148 (Fla. 4th DCA 1995), review denied, 669 So.2d 252 (Fla.1996); Sun First Nat'l Bank of Orlando v. Gieger, 402 So.2d 428 (Fla. 5th DCA 1981).
Reversed.
NOTES
[1] The home sold for a gross amount of $597,000 less the payoff of a $386,624.21 mortgage.