SHEPHERD, J.
 

 This is an appeal from an order denying the law firm of Katzman Garfinkel and Rosenbaum’s motion to impress a charging lien on the homeowner’s insurance proceeds for damages caused by two hurricanes. The Katzman law firm secured the proceeds for the benefit of its client and policy insured, Jesse Quiroga, in appreciation for which Quiroga not only terminated the law firm’s contingent fee representation of him, but also sought to shield himself from any responsibility to compensate his counsel by claiming the insurance proceeds are exempt homestead property, not subject to attachment by means of a charging lien.
 
 See
 
 Art. X, § 4(a), Fla. Const.
 
 [1]
 

 The parties do not dispute the hurricane-damaged property is constitu
 
 *102
 
 tionally exempt homestead property.
 
 See Cutler v. Cutler,
 
 994 So.2d 341, 343 (Fla. 3d DCA 2008) (“To qualify for protection under Article X, section 4 of the Florida Constitution, a parcel of property must meet constitutionally defined size limitations and must be owned by a natural person who is a Florida resident who either makes or intends to make the property that person’s residence.”). In the event a homestead is damaged through fire, wind or flood, the proceeds of any insurance recovery are imbued with the same privilege.
 
 Orange Brevard Plumbing & Heating Co. v. La Croix,
 
 137 So.2d 201, 203-04 (Fla.1962). Because Quiroga did not and, as a matter of public policy in this State, cannot through an unsecured agreement, such as the contingent fee agreement in this case, enter into an enforceable contract to divest himself from the exemptions afforded him through Article X, section 4(a),
 
 see Chames v. DeMayo,
 
 972 So.2d 850, 853 (Fla.2007), this Court is compelled to affirm the order under review, the equities of the matter notwithstanding.
 
 See Pub. Health Trust of Dade County v. Lopez,
 
 531 So.2d 946, 951 (Fla.1988) (“The homestead protection has never been based upon principles of equity.”) (citing
 
 Bigelow v. Dunphe,
 
 143 Fla. 603, 197 So. 328, 330 (1940));
 
 Pierrepont v. Humphreys (In re Newman’s Estate), 413
 
 So.2d 140, 142 (Fla. 5th DCA 1982) (“The homestead character of a piece of property ... arises and attaches from the mere existence of certain facts in combination in place and time.”).
 

 Affirmed.
 

 [1]
 

 . Article X, section 4(a) reads as follows insofar as pertinent here:
 

 There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon,
 
 *102
 
 except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following properly owned by a natural person: (1) a homestead ...