DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JBK ASSOCIATES, INC.,** f/k/a **COASTAL INSULATION, INC.,**
Appellant,

v.

**SILL BROS., INC., PATRICK T. SILL, STEPHEN D. SILL,
LISA D. SILL** and **BARBARA H. SILL,**
Appellees.

No. 4D14-3049

[March 11, 2015]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 50210CA009707XXXXMB.

Adam J. Hodkin and Nathan Pate of Padula Hodkin, PLLC, Boca Raton, for appellant.

Les S. Osborne of Rappaport Osborne & Rappaport, PL, Boca Raton, for appellee, Patrick T. Sill.

GROSS, J.

A judgment debtor segregated his portion of the proceeds of the sale of his homestead in a brokerage account, where he purchased mutual funds and unit investment trusts. A judgment creditor seeks to reach that portion of the debtor's proceeds arguing that these types of investments forfeited the debtor's homestead protection. We hold that the debtor's investments were not so incompatible with the purpose of homestead that the protected status of the sale proceeds was destroyed.

In 2010, JBK Associates, Inc. obtained a $740,487.22 final judgment against appellee Patrick Sill and others. In early 2014, as part of its collection efforts, JBK served garnishment writs directed at accounts Sill maintained with Wells Fargo Advisors, LLC. Sill moved to dissolve the writ, asserting that the funds were entitled to homestead protection.

The hearing on the motion to dissolve revealed that on October 28, 2013, Sill and his wife sold their marital home due to their divorce. Sill's

portion of the sale proceeds was $458,696.67. Sill did not comingle the proceeds with other funds; he deposited them into a Wells Fargo account entitled "FL Homestead Account." The account was then split into three subaccounts. As of February 28, 2014, the cash account contained $139,274.66 and two securities accounts contained mutual funds and unit investment trusts valued at $297,422.64 and $25,136.89 respectively, for a total of $322,559.53.

The trial court granted Sill's motion to dissolve the writ, without prejudice to the judgment debtor "reasserting its interest" in the funds if the applicable "reasonable time" standard of Florida law was not met. The trial court set the case for a status check over a month later "to determine the status" of Sill's use of the funds. JBK appeals the order dissolving the writ.

We address JBK's argument that Sill lost the homestead protection of the proceeds from the sale of the marital home because he purchased securities with a portion of the money.[1] The investment in securities was not so inconsistent with the purposes of homestead that the funds lost their protected status.

*Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So. 2d 201 (Fla. 1962), is the seminal case on the application of the homestead exemption to the proceeds of the voluntary sale of a homestead. The Supreme Court held that

> the proceeds of a voluntary sale of a homestead [are] exempt from the claims of creditors just as the homestead itself is exempt if, and only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time. Moreover, only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding. Any surplus over and above that amount should be treated as general assets of the debtor. We further hold that in order to satisfy the requirements of the exemption the funds must not be commingled with other monies of the vendor but must be kept separate and apart and held for the sole purpose of acquiring another home. The proceeds of the sale are not exempt if they are not reinvested

---

[1]We affirm without comment the trial court's finding that Sill did not abandon the homestead when he moved out during his divorce.

in another homestead in a reasonable time or if they are held for the general purposes of the vendor.

*Id.* at 206. Non-cash proceeds of a sale of a homestead "can be eligible for exemption, so long as they serve the same function that cash proceeds do, i.e., a temporary form of the homestead, to be reinvested, to be converted back into real-property homestead within the *Orange Brevard* reasonable time period." *Sun First Nat'l Bank of Orlando v. Gieger*, 402 So. 2d 428, 432 (Fla. 5th DCA 1981) (involving a note and mortgage received as part of the sale price of a homestead). Proceeds of a sale not invested in a new homestead are not entitled to homestead protection. *See Shawzin v. Donald J. Sasser, P.A.*, 658 So. 2d 1148, 1151 (Fla. 4th DCA 1995); *Rossano v. Britesmile, Inc.*, 919 So. 2d 551, 552 (Fla. 3d DCA 2005).

The purpose of homestead is to "protect the family, to 'provide it a refuge from the stresses and strains of misfortune.'" *Myers v. Lehrer*, 671 So. 2d 864, 866 (Fla. 4th DCA 1996) (quoting *Collins v. Collins*, 7 So. 2d 443, 444 (Fla. 1942)). "[H]omestead exemption laws should be liberally applied to the end that the family shall have shelter and shall not be reduced to absolute destitution." *Orange Brevard*, 137 So. 2d at 204 (citations omitted). No constitutional provision or statute limits how the proceeds of a sale must be held. Given the nature of homestead protection, a court should not apply the exemption in a way that encourages excessive speculation with the proceeds of a sale. There was no evidence that the securities in Sill's account were particularly risky and the funds were kept "separate and apart" from Sill's other funds. *Id.* at 206; *see also In re Bertola*, No. 11-29140 MER, 2012 WL 1945426 (Bankr. D. Colo. May 30, 2012). This case does not involve the speculative put and call option trading of up to 302 transactions per month that led a bankruptcy panel to conclude that such use of the proceeds was inconsistent with the purposes of Arizona's homestead exemption. *In re White*, 389 B.R. 693, 697, 704 (B.A.P. 9th Cir 2008).

Because it was not argued, we do not reach the issue of whether any profits realized from the securities, over and above the proceeds from the sale, are "held for the general purposes" of the debtor so that they are "general assets" not entitled to homestead protection. *Orange Brevard*, 137 So. 2d at 206.

*Affirmed.*

TAYLOR and LEVINE, JJ., concur.

\*　　　\*　　　\*

*Not final until disposition of timely filed motion for rehearing.*