DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT LANE,**
Appellant,

v.

**CHRISTOPHER CUNNIFFE,**
Appellee.

No. 4D15-2969

[March 9, 2016]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William Roby, Judge; L.T. Case No. 2014-CA-000123.

Faequa A. Khan and Daryl L. Jones of Law Offices of Daryl L. Jones, P.A., Miami, for appellant.

Jennifer A. Powers and Brooke D. Austin of Austin & Powers Law Group, P.L., Fort Pierce, for appellee.

PER CURIAM.

Robert Lane appeals an order granting in part a motion for rehearing and an amended order dissolving in part a writ of garnishment. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(ii). The effect of the two orders is to limit the extent of Lane's homestead exemption in the proceeds from the sale of his home. Because we find that the trial court erred in determining the amount of the exemption, we reverse and remand.

In May 2013, Lane and appellee Christopher Cunniffe entered into a contract for the sale of Lane's home. In January 2014, Cunniffe sued Lane for specific performance of the contract, alleging that Lane refused to close on the property.[1] The trial court granted Cunniffe's motion for judgment on the pleadings and entered a final judgment in August 2014. Cunniffe was awarded $53,171.80 in attorney's fees.

---

[1] Lane claimed that the parties had executed a document voiding the sale contract, but the document could not be found.

At the court-ordered closing in May 2015, $53,171.80 of Lane's proceeds from the sale were escrowed into Cunniffe's counsel's trust account to satisfy the fee judgment. The court subsequently released the escrowed funds, finding that there was no valid lien on the property. Cunniffe then obtained a writ of garnishment against Lane's bank account.

Lane filed a motion to dissolve the writ of garnishment arguing, that the sale proceeds were exempt from garnishment because they were constitutionally protected homestead property. At an evidentiary hearing in June 2015, Lane testified that he had always intended to buy another home with the proceeds from the sale of his home. He was considering a specific property when he first listed his home for sale, but that property was no longer available. At the time of the hearing, he was trying to secure a property in Lake Placid, Florida for $54,000.[2] Lane had set aside the released escrow funds for this purpose, along with some other unspecified funds. The court granted Lane's motion and dissolved the writ of garnishment, finding that Lane's proceeds from the sale of his home were protected homestead property because Lane intended to use them to purchase another homestead.

Cunniffe filed a motion for rehearing arguing, in part, that the court should have limited Lane's homestead exemption to the amount he planned to invest in the Lake Placid property. The court granted the motion for rehearing and entered an amended order dissolving the writ of garnishment, limiting Lane's exemption to $54,000. The court cited Lane's "essentially uncontroverted testimony" and found that he "had a good faith intention prior to and at the time of the sale of the homestead to reinvest $54,000 of the proceeds in another homestead within a reasonable time."

In *Orange Brevard Plumbing & Heating Co. v. La Croix*, 137 So. 2d 201 (Fla. 1962), the Florida Supreme Court held that the homestead exemption extends to the proceeds from the voluntary sale of a homestead "only if, the vendor shows, by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time." *Id.* at 206. The court further stated:

---

[2] Lane testified that he once owned the Lake Placid home and the mortgage was still in his name. The current owner had stopped making payments. Lane was trying to arrange a deal with the bank to pay off the mortgage balance of $54,000 and take back the property.

Moreover, only *so much* of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding. Any surplus over and above that amount should be treated as general assets of the debtor. We further hold that in order to satisfy the requirements of the exemption the funds must not be commingled with other monies of the vendor but must be kept separate and apart and held for the sole purpose of acquiring another home.

*Id.*; *see also In re Furey*, No. 13-bk-4538-JAF, 2014 WL 2119697, at *4 (M.D. Fla. May 22, 2014); *JBK Assocs., Inc. v. Sill Bros., Inc.*, 160 So. 3d 94, 96-97 (Fla. 4th DCA 2015); *Shawzin v. Donald J. Sasser, P.A.*, 658 So. 2d 1148, 1151 (Fla. 4th DCA 1995).

We review the trial court's factual findings for competent substantial evidence. *See Town of Lake Park v. Grimes*, 963 So. 2d 940, 944 (Fla. 4th DCA 2007); *see also Hamilton v. Fla. Power & Light Co.*, 48 So. 3d 170, 172 (Fla. 4th DCA 2010).

The court's finding that Lane intended, prior to and at the time of the sale, to reinvest only $54,000 of the proceeds in another homestead is not supported by competent substantial evidence. Under *Orange Brevard*, the court was required to determine how much of the sale proceeds Lane intended, *prior to and at the time of the sale*, to reinvest in another homestead within a reasonable time and how much of the proceeds he had kept separate for that purpose. *See* 137 So. 2d at 206-07. Lane testified that he always intended to buy another home with the proceeds from the sale of his homestead, but there was no evidence that Lane intended, prior to and at the time of the sale, to limit his reinvestment to $54,000. The trial court improperly relied on Lane's testimony regarding his intent, *at the time of the hearing*, to try to secure the Lake Placid property for $54,000. Additionally, the court failed to make any findings regarding how much of the sale proceeds Lane had kept separate for the sole purpose of purchasing a new homestead.

Because we find that the trial court erred in determining the amount of Lane's homestead exemption, we reverse and remand. On remand, the court is directed to determine how much of the sale proceeds Lane intended, prior to and at the time of the sale, to reinvest in another homestead within a reasonable time and how much of the proceeds he has kept separate for that sole purpose.[3]

---

[3] We do not find that the court must wait until Lane closes on a new home to determine the extent of his homestead exemption in the sale proceeds, as Lane

*Reversed and remanded with instructions.*

CIKLIN, C.J., MAY and LEVINE, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

contends.  Such a requirement is not contemplated by *Orange Brevard*.  Lane relies on *Rossano v. Britesmile, Inc.,* 919 So. 2d 551 (Fla. 3d DCA 2005), but this case is distinguishable because Lane is not under contract to close on a specific property by a certain date.