# Supreme Court of Florida

_____

No. SC15-977
_____

**JBK ASSOCIATES, INC., etc.,**
Petitioner,

vs.

**SILL BROS., INC., et al.,**
Respondents.

[April 28, 2016]

QUINCE, J.

This case is before the Court for review of the decision of the Fourth District Court of Appeal in JBK Assocs., Inc. v. Sill Bros., Inc., 160 So. 3d 94 (Fla. 4th DCA 2015). Because the district court expressly construed a provision of the Florida Constitution, this Court has jurisdiction to review the decision. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we approve the Fourth District's decision and reaffirm our decision in Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So. 2d 201 (Fla. 1962).

# FACTS

In 2010, JBK Associates, Inc. (JBK) obtained a final judgment against Patrick Sill—and others not relevant to this proceeding—in the amount of $740,487.22. JBK Assocs., 160 So. 3d at 95. In 2014, JBK served garnishment writs on Wells Fargo Advisors, LLC in an attempt to collect on the judgment from Sill's Wells Fargo account. Id. "Sill moved to dissolve the writ, asserting that the funds [in that account] were entitled to homestead protection." Id. The hearing on the motion revealed the following facts:

> [O]n October 28, 2013, Sill and his wife sold their marital home due to their divorce. Sill's portion of the sale proceeds was $458,696.67. Sill . . . deposited [the funds] into a Wells Fargo account entitled "FL Homestead Account." The account was then split into three subaccounts. As of February 28, 2014, the cash account contained $139,274.66 and two securities accounts contained mutual funds and unit investment trusts valued at $297,422.64 and $25,136.89 respectively, for a total of $322,559.53.

Id. at 95-96. Recognizing this Court's requirement from Orange Brevard that a debtor manifest an intent to reinvest homestead sale proceeds in another homestead within a reasonable time, the trial court granted Sill's motion without prejudice to JBK reasserting its interest in the funds if Sill did not meet that standard. JBK Assocs., 160 So. 3d at 96.

JBK appealed to the Fourth District, arguing that "Sill lost the homestead protection of the proceeds from the sale of the marital home because he purchased securities with a portion of the money." Id. at 96. However, the district court

rejected JBK's argument, finding that the "investment in securities was not so inconsistent with the purposes of homestead" for the funds to lose their protected status.  Id.  The Fourth District noted that "Sill did not comingle the proceeds with other funds."  Id. at 95.  The court stated, "There was no evidence that the securities in Sill's account were particularly risky and the funds were kept 'separate and apart' from Sill's other funds."  Id. at 97 (quoting Orange Brevard, 137 So. 2d at 206).  The district court also noted that "[t]his case does not involve the speculative put and call option trading of up to 302 transactions per month that led a bankruptcy panel to conclude that such use of the proceeds was inconsistent with the purposes of Arizona's homestead exemption."  Id. (citing In re White, 389 B.R. 693, 697, 704 (9th Cir. BAP 2008)).  The Fourth District affirmed the trial court's granting of Sill's motion to dissolve the garnishment writ, and JBK appealed to this Court.

**ANALYSIS**

In Florida, a person's homestead is "exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon," except for certain debts: "the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty."  Art. X, § 4, Fla. Const.  This provision is to be liberally construed in favor of protecting the

- 3 -

homestead.  Orange Brevard, 137 So. 2d at 203-04.  In addition, the "burden is on the objecting party to make a strong showing that the claimant is not entitled to the claimed exemption."  In re Binko, 258 B.R. 515, 517 (Bankr. S.D. Fla. 2001) (quoting In re Harrison, 236 B.R. 784, 786 (Bankr. M.D. Fla. 1999)).

Florida's homestead exemption has been interpreted to provide protection not only for the physical homestead property, but also for both the cash and non-cash proceeds from a voluntary sale of the homestead as well.  Orange Brevard, 137 So. 2d at 206; Sun First Nat'l Bank of Orlando v. Gieger, 402 So. 2d 428, 432 (Fla. 5th DCA 1981).  However, the following requirements must be met for sale proceeds to maintain the same protection from creditors as the original homestead:

> (1) there must be a good faith intention, prior to and at the time of the sale, to reinvest the proceeds in another homestead within a reasonable time; (2) the funds must not be commingled with other monies; (3) the proceeds must be kept separate and apart and held for the sole purpose of acquiring another home.

In re Binko, 258 B.R. at 517 (citing Orange Brevard, 137 So. 2d at 206).  Further, this Court has explained that "only so much of the proceeds of the sale as are intended to be reinvested in another homestead may be exempt under this holding.  Any surplus over and above that amount shall be treated as general assets of the debtor."  Orange Brevard, 137 So. 2d at 206.  Lastly, the "proceeds of the sale are not exempt if they are not reinvested in another homestead in a reasonable time or if they are held for the general purposes" of the debtor.  Id.  Because this issue

- 4 -

presents a pure question of law, the standard of review is de novo. See Zingale v. Powell, 885 So. 2d 277, 280 (Fla. 2004) ("Although we take into consideration the district court's analysis on the issue, constitutional interpretation, like statutory interpretation, is performed de novo.").

We do not find that Sill has violated the requirements of Orange Brevard. In the instant case, Sill placed the exempt sale proceeds into a brokerage account and authorized Wells Fargo to use some of the funds to make investments in a variety of mutual funds and stocks. In today's economic climate, in which traditional bank accounts do not garner any significant amount of interest earnings, we do not believe placing the proceeds from the sale of a homestead in the type of safe investment account at issue here demonstrates an intent so different from reinvestment in a new homestead within a reasonable time as to violate Orange Brevard.

Here, Sill placed the proceeds from the sale of the prior homestead in a separate account that was designated as his "homestead account." He thus manifested his intent pursuant to Orange Brevard to reinvest the sale proceeds into a new homestead. Moreover, he, in fact, used the money to purchase a new homestead within a reasonable period of time. Any decision contrary to the one we make here would require judgment debtors to place homestead sale proceeds in non-interest-earning mediums only—perhaps an escrow account or even a jar

under one's bed—and we decline to read Florida's homestead exemption provision so narrowly, especially given the liberal construction this area of Florida law typically enjoys. For those reasons, we approve the Fourth District's decision that Sill's actions in this case have not eliminated his homestead protection. We also reaffirm our decision in <u>Orange Brevard Plumbing & Heating Co. v. La Croix</u>, 137 So. 2d 201 (Fla. 1962).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and PERRY, JJ., concur.
CANADY and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Constitutional Construction

Fourth District - Case No. 4D14-3049

(Palm Beach County)

Adam Jay Hodkin and Robert Nathan Pate of Padula Hodkin, PLLC, Boca Raton, Florida,

for Petitioner

Leslie Scott Osborne and Tarek Kirk Kiem of Rappaport Osborne Rappaport & Kiem, PL, Boca Raton, Florida,

for Respondent Patrick T. Sill