B.L. Thomas, C.J.
D.R., the Mother of L.G., a minor, appeals a final order terminating her parental rights. The Mother does not contest the grounds for termination or the sufficiency of the evidence, but argues that the trial court's adoption of a proposed order submitted by the Department of Children and Families requires reversal, because the court failed to conduct an independent analysis of the facts and law under Perlow v. Berg-Perlow , 875 So.2d 383 (Fla. 2004) (holding that adoption of a party's proposed order may be improper if issued in a manner evidencing a lack of independent judgment).
The 45-page proposed order, including several pages detailing the testimony, was submitted before trial began. Shortly after the trial ended, the trial court adopted the proposed order in full, with approximately one page of additional findings.
In reviewing an order terminating parental rights, the appellate court applies a highly deferential standard of review, and the decision of the lower court is presumed correct. N.L. v. Dep't of Children & Family Servs. , 843 So.2d 996, 999 (Fla. 1st DCA 2003). The adoption of a proposed final judgment terminating parental rights is not per se reversible; rather, *1177 reversal is required only where the circumstances "create an appearance that the judgment does not reflect the judge's independent decision-making." In re T.D. v. Dep't of Children & Family Servs. , 924 So.2d 827, 831 (Fla. 2d DCA 2005). Factors to be considered in evaluating whether the court exercised its independent judgment include: 1) the timing of the order; 2) the opportunity for the opposing party to object; 3) the extent to which the court made substantive changes to the proposed order; 4) the extent to which the court participated in the trial; 5) the presence of errors or omissions in the order; and 6) the presence or absence of oral findings on the record. Id. at 829 ; see also Perlow , 875 So.2d at 389-90.
Here, while the timing of the submission of the proposed order and issuance of the final order raise legitimate concern, the inclusion of substantive changes by the trial judge indicates that the court exercised independent judgment. See T.D. , 924 So.2d at 829.
In addition, our consideration of the remaining factors is precluded by a deficiency in the record on appeal. The record contains no transcript of the trial and no indication that preparation of a transcript was ordered by the Mother's trial counsel. Nor did the Mother seek to supplement the record on appeal when this deficiency was pointed out in the Department's answer brief. See Snowden v. Wells Fargo Bank , 172 So.3d 506 (Fla. 1st DCA 2015) ; Moment v. State, 773 So.2d 577 (Fla. 4th DCA 2000). In addition to frustrating review of the relevant factors, the absence of a transcript renders it impossible to conclude that the Mother did not waive any objection to the adoption of the proposed order.
Even in a termination of parental rights proceeding, the lack of a transcript mandates affirmance unless fundamental error appears on the face of the order. A.L. v. Dep't of Children & Families , 958 So.2d 606, 607 (Fla. 4th DCA 2007). Here, no such error appears on the face of the final judgment. Thus, we affirm.
AFFIRMED .
Wolf and Ray, JJ., concur.