IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ROXANNE EILEEN EADIE,

      Appellant,

v.

      Case No. 5D21-3054
      LT Case No. 35-2019-DR-000621-A-X

ADAM DANIEL GILLIS,

      Appellee.
_____/

Opinion filed November 18, 2022

Appeal from the Circuit Court
for Lake County,
Dan R. Mosley, Judge.

Mary C. Fleming and Robert T. Smith, of Katten
Muchin Rosenman, LLP, and Sasha Drobnick, of
Domestic Violence Legal Empowerment and
Appeals Project, Washingon, D.C., for Appellant.

Richard Alan McKinley, of McKinley Law Firm,
P.A., Bartow, for Appellee.

TRAVER, J.

      Roxanne Eileen Eadie appeals the trial court's final judgment

dissolving her marriage to Adam Daniel Gillis. Eadie raises four issues for

our consideration, only two of which merit discussion. The trial court abused

its discretion when it imputed income to Eadie at a level at which she had never earned. It also erred when it incorporated a charging lien on all of Eadie's assets, including her homestead property, into the amended final judgment.

Eadie last worked in 2016 at a sales job in a company operated by Gillis' family. At that time, she made $65,000 per year. She has since focused her attention on child care; she also completed one year of law school and wishes to become an attorney. At trial, Gillis called a vocational expert who testified that Eadie could earn more in sales than as a starting lawyer. Based on this testimony, the trial court imputed $80,000 per year to Eadie.

We review the trial court's imputation of income for an abuse of discretion. *See Hudson-McCann v. McCann*, 50 So. 3d 735, 737 (Fla. 5th DCA 2010). Here, the trial court abused its discretion because, subject to exceptions inapplicable here, Florida law precludes imputation of income at a level higher than a party has ever earned in the past. *See* § 61.30(2)(b)2.b., Fla. Stat. (2021). We remand for proper recalculation of Eadie's income.

The trial court also erred by imposing a charging lien that attached to, among other property, Eadie's homestead. We review de novo homestead-related issues. *See JBK Assocs. v. Sill Bros., Inc.*, 191 So. 3d 879, 881 (Fla.

2

2016). Eadie consented to this provision of the charging lien when her previous attorney withdrew from the case. But her consent does not matter because a homeowner cannot waive her homestead exemption rights in an unsecured agreement. *See Chames v. DeMayo*, 972 So. 2d 850, 861 (Fla. 2007); *Quiroga v. Citizens Prop. Ins.*, 34 So. 3d 101, 102 (Fla. 3d DCA 2010). We therefore remand for the trial court to strike that portion of the charging lien incorporated into the final judgment to the extent it attaches to Eadie's homestead.

AFFIRMED in Part; REVERSED in Part; and REMANDED with INSTRUCTIONS.

EVANDER, J., concurs.
COHEN, J., concurs specially, with opinion.

COHEN, J., concurring specially with opinion.

I write to address an issue raised by Roxanne Eadie ("Former Wife") on appeal: the trial court's virtually verbatim adoption of Adam Gillis' ("Former Husband") proposed final judgment, which resulted in a conspicuously one-sided final judgment. Former Wife argues that the trial court entered the proposed judgment without meaningful independent thought or analysis.

As we observed in Saario v. Tiller, 333 So. 3d 315, 319 (Fla. 5th DCA 2022), a trial court's verbatim entry of a proposed final judgment submitted by a party is not, per se, improper. See Strand v. Escambia Cnty., 992 So. 2d 150, 155 (Fla. 2008) ("In Perlow, we did not hold that a trial court's adoption of a proposed final judgment verbatim is improper per se."). In order to determine whether the trial court exercised its independent judgment, courts evaluate the following factors: 1) the timing of the final order relative to the submission of the proposals; 2) the opportunity for a party to review and object to the opposing party's proposal; 3) the extent to which the court made substantive changes to the proposed order; 4) the extent to which the court participated in the trial; 5) the presence of errors or omissions in the

4

final order; and 6) the presence or absence of oral findings on the record. D.R. v. Dep't of Child. & Fams., 236 So. 3d 1175, 1177 (Fla. 1st DCA 2018).

Former Wife relies on the seminal case for this issue, Perlow v. Berg-Perlow, 875 So. 2d 383 (Fla. 2004), where the court held that the verbatim adoption of the former wife's proposed final judgment constituted reversible error, but the facts of Perlow are distinguishable. First, the former husband, who appeared pro se, had no opportunity to submit his own proposed judgment—in fact, the trial court actively discouraged him from doing so—or to object to the former wife's proposed judgment. Id. at 388. Second, the trial court in Perlow signed the former wife's 25-page order within two hours after closing arguments. Id. at 387.

At trial, the court's thorough questioning of Former Wife demonstrated an independent evaluation and analysis of the critical issues to be resolved. Clearly the trial court had concerns about Former Wife's conduct leading up to the trial as well as her future plans, and the impact of those factors on the children's best interests. Specifically, and taking the evidence in the light most favorable to the appellee, as we must do, Former Wife's interference with the ability of Former Husband to form or maintain a relationship with the children was pivotal. The court was also troubled by the actions of Former Wife in terms of the children's education. Furthermore, Former Wife's

5

lifestyle was being funded by the largesse of others, and it became clear that her financial plan for the future was at best ill-conceived and at worst non-existent. The court's questioning indicated concern about her failure to understand the prospect of a potential financial collapse, which would adversely impact the stability of the children.[1] The trial court's focus on those issues does not reflect an absence of independent judgment.

There can be many reasons for a trial court to invite the submission of proposed final judgments.  It can be a function of caseload or as a means of ensuring that all the issues raised and tried are covered in the final judgment. It is not surprising that Former Husband's lawyer prepared a final judgment that rendered virtually every finding adverse to Former Wife; nor is it surprising that Former Wife's counsel did the same—particularly when the trial court rendered no oral findings of fact or conclusions of law that the parties could reduce to writing. But it is incumbent upon the trial court to carefully review both proposed judgments, not from the perspective of each advocate but from the viewpoint of a neutral arbiter. Wholesale acceptance

---

[1] Issues involving financial inequity, such as whether Former Husband had voluntarily reduced his income immediately prior to the divorce, were not preserved for appeal by virtue of the parties entering a settlement agreement on all financial matters other than child support.

of a final judgment, particularly one as lopsided as the one entered in this case, raises serious concerns and should be avoided.

Trial courts would be well advised to indicate findings of fact and conclusions of law on the record when possible and, if desired, direct submission of a final judgment in accordance with those findings.[2] <u>See</u> <u>Perlow</u>, 875 So. 2d at 384.

---

[2] There is no best practice in the manner in which a court enters a final judgment so long as the statutorily mandated findings are made and the judgment reflects independent consideration.